Joyce O. HODGE,

v.

Stedmann HODGE, Appellant.

No. 80–1163.

United States Court of Appeals,
Third Circuit.

Argued April 24, 1980.
Decided May 20, 1980.

Joyce O. Hodge, pro se.

Maria Tankenson Hodge (argued), Charlotte Amalie, St. Thomas, V. I., for appellant.

Before ADAMS, MARIS and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This is an appeal from the district court's denial of Stedmann Hodge's motion to amend an eight-year-old divorce decree. Specifically, he seeks to avoid the obligation created in the decree to set up a trust of certain property. The motion to amend was based on lack of subject matter jurisdiction over the property and on the contention that the agreement embodied in the decree was premised on a mistake of fact. The district court denied the motion because the issue of subject matter jurisdiction was res judicata and because the facts alleged in the motion were not sufficient under either V.I. Code tit. 16, § 110 or F.R.Civ.P. 60(b) to modify or grant relief from the original divorce decree. We affirm.

### I.

Joyce Hodge was granted a divorce absolute from Stedmann Hodge in 1969. The decree explicitly ordered the parties to transfer the title of a piece of real property in accordance with the terms, stated in open court, of a settlement agreement. That agreement called for a specified plot of jointly owned land to be held in trust for the parties' two children and for Mr. Hodge to serve as trustee until the youngest child reached the age of twenty-one, at which point title would vest in the children.[1]

The divorce decree was amended by the court in 1975 to increase Mr. Hodge's child support obligations. The present dispute derives from Mrs. Hodge's 1977 motion to compel compliance with the trust components of the original decree. She sought to compel execution of the trust agreement and an accounting of the rental proceeds of the property for each year since 1977. Mrs. Hodge alleged that Mr. Hodge had breached his fiduciary duties to his children and, as an alternative to compelling his performance of fiduciary duties, sought removal of Mr. Hodge as trustee and her own appointment to serve in his stead. In response, Mr. Hodge cross-moved for modification of the decree to delete the paragraph referring to a trust agreement. He contended that the parties' agreement and the court's order with respect to the property was based on a mistake of fact: joint ownership had been assumed, when in fact title to the property was his alone. Mr. Hodge also asserted that, because the property at issue was never the parties' homestead, the court lacked jurisdiction to dispose of the property, and the original decree with respect to it was therefore void. We turn first to the jurisdictional point.

1. Paragraph 5 of the district court's order and decree of divorce provided:

That the parties shall transfer title to the real property jointly owned by them and known and described as Parcel No. 31–1 Estate Thomas, St. Thomas, Virgin Islands, in trust to the two minor children in accordance with the terms, and conditions of the trust agreement entered into by the parties.

That agreement, as read into the record by Mrs. Hodge's attorney, was as follows:

The parties have agreed that the title which they jointly hold to Parcel No. 31–1. Estate Thomas, in St. Thomas, Virgin Islands, shall be transferred to the husband in trust for the two minor children. That husband shall have the duty of management of this property in his capacity as trustee and shall maintain a bank account for moneys collected from rent from said property and shall account for said moneys on a basis as agreed upon in the formal agreement between the parties and at such periods as agreed upon in said agreement. Wife agrees that husband shall have the right to occupy one apartment personally free of charge—free of rent. It is further agreed that the husband shall have the right as trustee, to hypothecate funds the trust account for the sole purpose of improvements to the said real property, which improvements shall inure to the benefit of the children, and, further that prior to hypothecating the trust account notice shall be given to wife, together with a detailed statement of improvements proposed . . . which shall be agreed upon. That it is understood by the parties that said trust account shall be for the primary purpose of meeting the higher educational expenses of the children, and that when the second child attains the age of 21, the trust shall terminate. When the youngest child reaches the age of 21 or is sooner emancipated, the trust shall terminate and title shall vest in said children.

## II.

In *Dyndul v. Dyndul*, 541 F.2d 132, 134 (3d Cir. 1976), the general rule was held to be "that authority to distribute real estate in a divorce proceeding can be conferred on a Virgin Islands divorce court only by statute." We stated that "the only such authority the legislature has seen fit to bestow on divorce courts is the power to award a homestead," *id.*, and later held upon full presentation of the issue that the Virgin Islands courts indeed had this power. *Todman v. Todman*, 571 F.2d 149, 152 (3d Cir. 1978). Relying on the well-settled rule that subject matter jurisdiction may not be conferred by waiver or consent, *see, e. g.*, Restatement of Judgments § 7, Comment (d) (1942), Mr. Hodge argues that the property placed in trust by the divorce decree was never a homestead and that his approval of the settlement as to that property cannot estop him to challenge the alleged jurisdictional defect.

■ If Mr. Hodge had raised this contention on direct appeal, it might well have had merit. But unless more than the private interests of the litigants is at stake, even the issue of subject matter jurisdiction must at some point be laid to rest. The problem has always been one of balancing judicial concerns for finality against those for validity of judgments. Although traditional doctrine emphasized the importance of validity, the modern trend accords substantially greater weight to finality. *See* Restatement (Second) of Judgments § 15 note, at 151 (Tent.Draft No. 6, 1979). It was settled long ago by *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), that when a federal court proceeds to final judgment on the merits, the issue of its subject matter jurisdiction is res judicata even though it was not litigated or, indeed, even though the decree was totally uncontested.[2]

Mr. Hodge's challenge to the court's subject matter jurisdiction over the divorce decree that incorporated the parties' agreed-upon settlement was disposed of by the Supreme Court's response in *Chicot* to the query

> whether respondents having failed to raise the question in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit. Such a view is contrary to the well-settled principle that *res judicata* may be pleaded as a bar, not only as respects matters actually presented to sustain or defeat the right asserted in the earlier proceeding, "but also as respects any other available matter which might have been presented to that end."

308 U.S. at 378, 60 S.Ct. at 320 (quoting *Grubb v. Public Utilities Commission*, 281 U.S. 470, 479, 50 S.Ct. 374, 378, 74 L.Ed. 972 (1930)). Federal courts, though of limited jurisdiction, have "authority, when parties are brought before them in accordance with the requirements of due process, to determine whether or not they have jurisdiction to entertain the cause . . . ." *Id.* at 376, 60 S.Ct. at 319.[3]

■ Reflecting the heightened concern for finality of judgments in post-*Chicot* developments in the law, the Second Restatement of Judgments replaced the First Restatement's simple listing of factors to be considered in weighing finality against va-

---

**2.** The facts made clear in the Court of Appeals decision in *Chicot* were that in the proceeding pleaded by the defendants as res judicata, the "[p]laintiffs were made parties to said proceedings by publication of a notice thereof . . . and by mailing to them personally a notice of said proceedings, which notice was received by each of them, but neither of them appeared therein either in person or by attorney." *Chicot County Drainage Dist. v. Baxter St. Bank*, 103 F.2d 847, 848 (8th Cir. 1939), *rev'd*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940).

**3.** Professor Dobbs terms this method by which a judgment rendered without subject matter jurisdiction becomes "validated" "the bootstrap principle." Dobbs, *The Validation of Void Judgments: The Bootstrap Principle* (pts. 1 & 2), 53 Va.L.Rev. 1003, 1241 (1967); *see* Note, *Filling the Void: Judicial Power and Jurisdictional Attacks on Judgments*, 87 Yale L.J. 164, 179–80 (1977).

lidity with a presumption of finality followed by limited, enumerated exceptions.[4] A party is foreclosed from litigating subject matter jurisdiction in a subsequent lawsuit except if the lack of jurisdiction was so clear that its assumption "was a manifest abuse of authority," the challenged judgment "would substantially infringe the authority of another tribunal or [governmental] agency," or the rendering court was incapable of making an adequately informed assessment of its own jurisdiction.[5]

None of these exceptions will avail Mr. Hodge. The district court therefore did not err in precluding his attack on the subject matter jurisdiction of the 1969 divorce decree.

### III.

For the reasons stated in the district court opinion, grounds did not exist under V.I. Code, tit. 16, § 110 for modifying the divorce decree—*i. e.*, the discovery of a mistake of fact does not constitute the requisite substantial change in circumstances. *See Hodge v. Hodge*, 507 F.2d 87, 91 (3d Cir. 1975); *Viles v. Viles*, 316 F.2d 31, 34 (3d Cir. 1963).

### IV.

Mr. Hodge argues that the trial judge erred in refusing to grant him relief from judgment under F.R.Civ.P. 60(b). Specifically, he claims entitlement to relief under subsection (4) ("the judgment is void"), subsection (5) ("it is no longer equitable that the judgment should have prospective application"), or the catch-all category of subsection (6) ("any other reason justifying relief").[6]

A motion under Rule 60(b) "is directed to the sound discretion of the trial court and its exercise of that discretion will not be disturbed unless there was a clear abuse." *Giordano v. McCartney*, 385 F.2d 154, 155 (3d Cir. 1967); *see, e. g., Virgin Islands National Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir. 1974), *cert. denied*, 421 U.S. 976, 95 S.Ct. 1976, 44 L.Ed.2d 467 (1975); *Estate of Murdoch v. Commonwealth of Pennsylvania*, 432 F.2d 867, 870 (3d Cir. 1970). We find no such abuse here.

The judgment was not void, but rather, as we have held, the issue of the jurisdiction of the rendering court was precluded. As to that part of Mr. Hodge's motion premised on subsections (5) and (6), "it is settled that such relief is extraordinary and may be granted only upon a showing of 'exceptional circumstances.' . . . [A] party seeking such relief must bear a heavy burden of showing circumstances so changed . . . that, absent such relief an 'extreme' and 'unexpected' hardship will result." *Mayberry v. Maroney (II)*, 558 F.2d 1159, 1163 (3d Cir. 1977); *see Martinez-McBean v. Government of the Virgin Islands*, 562 F.2d 908, 911 (3d Cir. 1977).

The trial judge did not abuse his discretion in concluding that Mr. Hodge's heavy burden was not met simply by pleading, eight years after entry of judgment, his own mistake of fact.

### V.

Mr. Hodge's final contention is that the agreement of the parties stated in open court, transcribed in the record, and incorporated in the 1969 divorce decree did not constitute an enforceable agreement to execute an irrevocable trust. On the basis of the authorities discussed in the district court's opinion, we hold that it did not err in finding an enforceable agreement.

---

**4.** *Compare* Restatement (2d) Judgments § 15 (Tent.Draft No. 6, 1979) *with* Restatement of Judgments § 10 (1942).

**5.** Restatement (2d) Judgments § 15 (Tent.Draft No. 6, 1979); *cf.* Note, *supra* note 3 (only exception to validity of judgment should be for underlying due process violation).

**6.** Subsections (1)–(3) were clearly unavailable because, as stated in Rule 60(b), a motion for any reason listed in those subsections must be made within a year of the judgment.

## VI.

The judgment of the district court will be affirmed.