**JEFFREY J. PROSSER, Appellant**

**v.**

**MARGARET S. PROSSER, Appellee**

D.C. Civ. App. No. 1995-0095

D.C. Civ. App. No. 1996-0029

T.C. Fam. No. D210-1989

District Court of the Virgin Islands

Div. of St. Croix

April 18, 1996

Kevin A. Rames, Esq., Christiansted, St. Croix, U.S.V.I., *for Appellant, Jeffrey J. Prosser*

Andrew L. Capdeville, Esq., St. Thomas, U.S.V.I., *for Appellee, Margaret S. Prosser*

**OPINION**

Per curiam:

In this appeal, we are asked to determine whether the Territorial Court properly declined to vacate a writ of execution entered against appellant.[1] For the reasons discussed below, the Court affirms the judgment of the Territorial Court.

I

In 1989, appellant Jeffrey Prosser initiated this action for divorce in the Territorial Court of the Virgin Islands. Subsequently, in February 1990, the parties to the divorce negotiated a settlement agreement. This agreement was reduced to writing and approved by the court. On March 22, 1990, the court entered a Final Decree of Divorce into which the written property settlement agreement was merged. Pursuant to the terms of this merged decree, the court ordered that

> commencing on the 14th day of February, 1990 and continuing until February 14, 1995, the Husband shall pay

---

[1] The Court has consolidated and denies appellant's recently filed petition for writ of mandamus. See discussion *infra.*

to the wife the sum of $ 8,000 per month in two equal installments payable on the 1st and the 15th of each month; on or before the 14th day of February, 1992, the Husband shall pay to the Wife the sum of $ 500,000; and on or before the 14th of February, 1995, the Husband shall pay to the Wife, $ 2,500,000 all of the foregoing payments [ shall] be subject to the terms, conditions and limitations of the parties' Property Settlement Agreement.

Appellant failed to make the $ 2,500,000 payment ordered by the court. Accordingly, on March 14, 1995, appellee Margaret Prosser filed a Praecipe requesting that the Territorial Court issue a Writ of Execution on behalf of appellee for the amount of $ 2,521,196.04 — $ 2,500,000 plus interest at the rate of 11%. *See* V.I. CODE ANN. tit. 5, § 471 (1967 & Supp. 1994) (authorizing the issuance of writs of execution). The court issued such writ on March 15, 1995. Appellee amended the Praecipe on April 11, 1995, and again on July 17, 1995.

On April 5, 1995, appellant filed a motion to vacate the initial writ of execution, arguing, among other claims, that the divorce court lacked subject matter jurisdiction. The Territorial Court denied appellant's motion. Appellant then filed this appeal.

## II

At the outset, we must consider appellee's contention that this Court lacks jurisdiction over the instant appeal.

Appellee first argues, in a separately filed motion, that we must dismiss this appeal because appellant has failed to comply with V.I. CODE ANN. tit. 4, § 33, the statute granting the district court appellate jurisdiction over this matter. Section 33 provides, in relevant part, that:

appeals in civil, juvenile and domestic relations cases may be taken by any party aggrieved by the judgment or order appealed from, but in juvenile and domestic relations cases they may be taken only if specifically allowed by the district court.

No such specific allowance has been sought or given in this case, appellee contends, and appellant's claims are thus barred.

141

■■ As appellant properly notes, there is no statutorily established procedure for filing an appeal to this court from a judgment in a domestic relations case. Appellant, by filing his notice of appeal, noting that this case originated in family court, and paying his docket fee, has done all necessary to comply with section 33. The Court, in agreeing to entertain this appeal, has given de facto permission for the appeal to proceed. Accordingly, appellee's motion to dismiss on this ground is denied.[2]

Appellee's second contention is not capable of such simple resolution. Appellee argues that the Territorial Court's order denying appellant's Motion to Vacate the Writ of Execution is not a final judgment, and thus cannot be appealed to this court.[3] Section 33 of Title 4, Virgin Islands Code, portions of which were quoted earlier, also provides that this Court has "appellate jurisdiction to review the *judgments and orders* of the territorial court in all civil cases . . . ." (emphasis added). Although this language on its face is broad enough to grant jurisdiction to review virtually any order of the Territorial Court, we have tended to restrict the scope of this authority to "final decisions."[4]

While the traditional definition of a final judgment for purposes of appeal is "generally one which ends the litigation on the merits and leaves nothing for the court to do but execute judgment,"[5] the

---

[2] Appellant also argues that to the extent his claims on appeal are constitutional, section 33 cannot preclude them. *See Government of the Virgin Islands v. Warner*, 48 F.3d 688 (3d Cir. 1995) (holding that where an appeal raised constitutional or federal statutory issues, the Virgin Islands legislature could not preclude appellate review). Because we find that appellant has complied with the procedural requirements of section 33, we need not reach his substantive challenge to the statute's validity.

[3] See Creque v. Roebuck, 16 V.I. 225, 227 (D.V.I. 1979) ("Pursuant to 4 V.I.C. § 33 appeals may be had of judgments and orders of the territorial court.' This has been interpreted to mean final judgments and orders." (emphasis in original)).

[4] *See, e.g., Government of the Virgin Islands v. DeJongh*, 28 V.I. 153, 163-64 (D.V.I. APP. 1993) (The narrowing of the broad scope of appellate jurisdiction granted the Appellate Division by the Virgin Islands Legislature in 5 V.I.C. § 33 has been judicially imposed "to include only appeals from final judgments or orders"). Having been judicially narrowed, it can be judicially expanded.

[5] *Catlin v. United States*, 324 U.S. 229, 233, 89 L. Ed. 911, 65 S. Ct. 631 (1945). Applying this definition rigidly, federal courts have held that an order denying a motion to quash an execution does not finally dispose of an entire controversy between the parties and thus is not a final judgment. *See Loeber v. Schroeder*, 149 U.S. 580, 585, 37 L. Ed. 856, 13 S. Ct. 934 (1893) (holding that a decision of a state appellate court affirming an order overruling a motion to quash an execution is not subject to review in the United States

trend recently has been toward a more "practical" and less rigid interpretation of the final judgment rule. *See Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152, 13 L. Ed. 2d 199, 85 S. Ct. 308 (1964) (noting that it is often appropriate that the requirement of finality be given a "'practical rather than a technical construction'" (quoting *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949)). Under this practical approach, "the most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *Id.* at 152-53 (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511, 94 L. Ed. 299, 70 S. Ct. 322 (1950)).

■■ Applying this more practical approach to orders denying relief from enforcement of judgments, we conclude that such orders are appealable. There is little danger that entertaining such appeals will do violence to the principle underlying the final judgment rule of avoiding piecemeal review.[6] Further, declining to hear such meritorious appeals poses a real risk that the putative appellant, usually the judgment debtor, would lose any opportunity for meaningful review. Moreover, where an appeal turns out to be frivolous and risks delaying justice for the judgment creditor, as is the case here, sanctions can be employed to restore the balance. As Wright and Miller explain, "orders relating to the enforcement, execution, or interpretation of a final judgment ordinarily should be final upon complete disposition of all present related issues."[7] 15B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3916 (2d ed. 1992) (noting that "more recent decisions generally allow appeal to resolve such questions

---

Supreme Court as a final order); *United States v. Stangland*, 270 F.2d 893, 894 (7th Cir. 1959) ("An order denying a motion to quash an execution is not appealable."); *Steccone v. Morse-Starrett Products Co.*, 191 F.2d 197, 199 (9th Cir. 1951) (same).

[6] See Plymouth Mutual Life Ins. Co. v. Illinois Mid-Continent Life Ins. Co., 378 F.2d 389, 391 (3d Cir. 1967) ("The policy against and the probability of avoidable piecemeal review are less likely to be decisive after judgment than before.").

[7] *See Paiewonsky Associates, Inc. v. Sharp Properties, Inc.*, 998 F.2d 145, 150 (3d Cir. 1993) (holding that, although not technically a final judgment, a post-judgment order granting a writ of assistance was nonetheless appealable: "In assessing the appealability of a post-judgment order, the appropriate inquiry is whether the order is more than simply administrative in that it affects rights or creates liabilities not previously resolved by adjudication on the merits.").

as whether the judgment has been satisfied, whether particular property or persons are subject to the court's process, and whether particular methods of execution are otherwise proper").

■ We find that under this "practical" approach, a final judgment has been entered in this matter. The Territorial Court did not simply perform a ministerial act when it denied appellant's motion to vacate the writ of execution entered against him. Rather, the court ruled upon matters not raised in the earlier litigation. For example, the court concluded that the divorce decree entered in this matter was a judgment enforceable by writ of execution. This matter, involving questions not before the court when it issued its earlier judgment on the merits, will be treated as a final one.[8] Accordingly, we are persuaded that the Territorial Court's judgment is final for purposes of appeal.

### III

Having considered and rejected appellee's grounds for dismissal, the Court turns to the appeal at hand. We note at the outset that our review of the Territorial Court's application of legal precepts is plenary. *See Nibbs v. Roberts,* 1995 U.S. Dist. LEXIS 2561, 31 V.I. 196, 204 (D.V.I. APP. 1995). We review the Territorial Court's findings of fact for clear error. V.I. CODE ANN. tit. 4, § 33.

With these standards in mind, the Court considers the merits of appellant's claims.

### A

Appellant first argues that enforcement of the Territorial Court's March 1990 Order could not be had by writ of execution. Appellant contended below that the divorce decree entered in March 1990 was not a "judgment" enforceable by a writ of execution. On appeal, however, appellant has abandoned this claim. Instead, he argues that (1) property settlement agreements arising out of divorce actions can be enforced only by contempt proceedings or contract actions; (2) appellant's debt is a contingent one and thus

---

[8]See Christian v. Joseph, 15 F.3d 296 (3d Cir. 1994) (entertaining, without discussion, an appeal from lower court's denial of appellant's motion to quash a writ of execution).

cannot be enforced by writ of execution; and (3) appellee failed to comply with the statutory procedures necessary to obtain such writ.

We need not reach the merits of appellant's legal arguments however, because having failed to raise them in the court below, he has waived them. *See Singleton v. Wulff*, 428 U.S. 106, 120-121, 49 L. Ed. 2d 826, 96 S. Ct. 2868 (1976) (ruling that, in general, an appellate court does not review an issue not raised below unless "the proper resolution is beyond any doubt" or justice so requires); *see also Nibbs*, 31 V.I. at 222-23. We are satisfied that there is no likelihood that "injustice might otherwise result." *Hormel v. Helvering*, 312 U.S. 552, 557, 85 L. Ed. 1037, 61 S. Ct. 719 (1941).

B

Appellant next contends that the divorce court lacked jurisdiction to issue the March 22, 1990 Order that appellee seeks to enforce. Although we are convinced that the Territorial Court properly rejected appellant's claim, we find that there is no reason to address the merits of this issue as it is res judicata.

As appellee correctly notes, in *Hodge v. Hodge*, 621 F.2d 590 (3d Cir. 1980), the Third Circuit held that appellant, who had failed to comply with the terms of a property settlement agreement, was precluded by res judicata from raising the issue of the divorce court's subject matter jurisdiction several years after the court's entry of judgment. The court noted the modern jurisprudential trend toward awarding greater weight to the finality than to the validity of judgments; under this trend, the court concluded, when a court proceeds to final judgment on the merits, "the issue of its subject matter jurisdiction is res judicata even thought it was not litigated or, indeed, even though the decree was totally uncontested." *Id.* at 592.

The *Hodge* court enumerated three exceptions to this rule: (1) if the lack of jurisdiction was so clear that its assumption was a "manifest abuse of authority"; (2) if the challenged judgment would "substantially infringe the authority of another tribunal or [governmental] agency"; or (3) if the rendering court was unable to make an adequately informed assessment of its own jurisdiction. *Id.* at 593 (citing RESTATEMENT (SECOND) JUDGEMENTS § 15 (Tent.

145

Draft No. 6, 1979)). Appellant, in an effort to avoid the preclusive effect of res judicata, argues that the court's decision to exercise jurisdiction in a divorce proceeding where the amount in controversy exceeded $ 200,000 constituted a manifest abuse of authority. We disagree.

In March 1990, when the divorce court entered judgment, V.I. CODE ANN. tit. 4, § 76(a) read as follows:

> the Territorial Court shall have original jurisdiction concurrent with the district court in all civil actions wherein the matter in controversy exceeds the sum of $ 500 but does not exceed the sum of $ 200,000; to supervise and administer estates and fiduciary relations; to appoint and supervise guardians and trustees; to hear and determine juvenile, divorce, annulment and separation proceedings; to grant adoptions and changes of name; to establish paternity; to legitimize children and to make orders and . decrees pertaining to the support of relations.

Appellant reads the monetary limitation included in the first clause of section 76(a) as applying to all causes of action enumerated thereafter. This reading is both unsupported and implausible.

■■ In dicta, the Territorial Court has noted quite clearly that "§ 76(a) Specifically grants [ the territorial court] the power to 'hear and determine . . . divorce proceedings' and to 'administer estates' without regard to the dollar amount involved." *Puerto Rican-American Ins. Co. v. Francis*, 17 V.I. 87, 90 n.5 (Terr. Ct. 1980). This reading is a sensible one. As the court below recognized when it addressed this question on its merits,

> [ appellant's] interpretation . . . would suggest that this Court would somehow have to place monetary restrictions on exercising jurisdiction over all causes of action listed in that section, such as the appointing and supervising of guardians and trustees, juvenile matters, adoptions, changes of name, establishing paternity, legitimizing children, and making orders and decrees pertaining to the support of relations. The Court finds that the causes of action listed in 4 V.I.C. § 76(a) do not involve monetary

146

amounts in controversy that the Court can consider before assuming jurisdiction.

Indeed, it would be virtually impossible for a court to place a monetary value on certain of the actions enumerated in section 76(a), and thus it is unlikely that the legislature meant to do so.

■ Further, to read the statute as appellant suggests would render the latter clauses of the statute superfluous, in contravention of a basic principle of statutory construction. *See* NORMAN J. SINGER, 2A SUTHERLAND STATUTE AND STATUTORY CONSTRUCTION, § 46.06 (5th ed. 1992) ("A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant . . . ."). The causes of action listed after the amount in controversy clause are all civil actions. If the legislature meant the amount limit to apply to such causes, there would be no need to enumerate such causes separately, as the court would already have jurisdiction over them as civil actions. Thus the purpose of separate enumeration must have been to eliminate the jurisdictional minimum as it pertained to those actions. To read the statute otherwise would render the latter clauses of the statute redundant.

The divorce court's assumption of jurisdiction was in no way an abuse of its authority. Because appellant has failed to demonstrate that he satisfies any of the exceptions enumerated in *Hodge*, we hold that appellant's challenge to the divorce court's subject matter jurisdiction is res judicata and thus precluded.

C

Appellant's final argument is that the court below violated his due process rights by ruling without the benefit of oral argument.[9]

■ It is well-established that due process does not require that a party be afforded oral argument. *See Federal Communications*

---

[9] Appellant also argues that he was denied due process because he was "prevented from filing additional papers containing factual and legal assertions." As the record demonstrates, however, the lower court permitted appellant to submit a supplemental memorandum of law in support of his motion to vacate the writ of execution. Appellant provides no evidence that he sought to further supplement the record below.

*Comm'n v. WJR, The Goodwill Station, Inc.*, 337 U.S. 265, 275, 93 L. Ed. 1353, 69 S. Ct. 1097 (1949). Rather, the determination whether oral argument is necessary is to be made on a case by case basis. "Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law . . . are raised." *Id.* at 276.

The questions of law raised by appellant below were of little merit. We are persuaded that the Territorial Court did not violate appellant's due process rights by permitting appellant to argue only in writing.

## IV

Having addressed the merits of this appeal, we turn to appellee's responsive motion for sanctions. Appellee premises her motion on the grounds that appellant refused to cooperate in the filing of a joint appendix and that appellant included numerous irrelevant documents in the appendix ultimately submitted.

Although the failure of appellant to cooperate in submitting a joint appendix might not be enough by itself to warrant imposing sanctions,[10] we will factor it in to our consideration of sanctions for filing a frivolous appeal. This appeal is so utterly lacking in merit that its purpose appears to be only to delay compliance with the divorce court's March 1990 Order.

The Court finds authority for such sanction in Rule 38 of the Federal Rules of Appellate Procedure,[11] which provides that "if a

---

[10] It is appellant's contention that the briefing schedule in this matter states that appellant's appendix shall be filed on one dater and the appellee's appendix 30 days later. Given the explicit wording of Fed. R. App. P. 30(b), 3rd Cir. LAR 30.3, 30.4, 30.5, and Misc. 107.3 & 107.4; *cf.* Misc. 107.3, as well as this Court's numerous memoranda to the Bar emphasizing the requirement of filing one joint appendix, and admonitions to counsel from the bench and in opinions to file one appendix, appellant cannot be heard to contend that he reasonably relied on the briefing schedule to justify his failure to cooperate.

[11] This Court is in the process of promulgating its own local appellate rules. Until such process is complete, the Federal Rules of Appellate Procedure and the Rules of the United States Court of Appeals for the Third Circuit are made applicable to this Court by the Local Rules of Civil Procedure of the District Court. LRCi. 76.1 (July 21, 1993) ("Practice in the Appellate Division of the District Court of the Virgin Islands of the United States . . . shall be governed by the Federal Rules of Appellate Procedure . . . ."). We are thus bound by the interpretation of these federal rules by the United

court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." *See Sauers v. Commissioner of Internal Revenue*, 771 F.2d 64, 70 n.9 (3d Cir. 1985) (noting that an appeal is frivolous if it is wholly without merit), cert. denied, 476 U.S. 1162 (1986). Although courts have been wary of imposing Rule 38 sanctions for fear of deterring litigants from advancing novel claims, in the instant case such sanction appears warranted. Appellee has been forced to endure the expense and delay of unnecessary litigation simply so that appellant may avoid payment of a debt that he clearly owes. "It is a hollow victory indeed for an appellee who successfully defends a frivolous appeal, if it is then further penalized by fee payments to its own attorney." *Quiroga v. Hasbro, Inc.*, 943 F.2d 346, 347 (3d Cir. 1991).

The Court is well aware that "the imposition of monetary sanctions by a court implicates fundamental notions of due process and thus requires 'fair notice and an opportunity for a hearing on the record.'" *Rogal v. American Broadcasting Cos., Inc.*, 74 F.3d 40, 44 (3d Cir. 1996) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 757, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980)). Accordingly, appellant will be given ten (10) days from the date of filing of this opinion to submit a brief regarding the appropriateness of Rule 38 sanctions in this matter; appellee will have five (5) days thereafter to file a responsive pleading if she so desires. Once having reviewed such pleadings, the Court will determine whether argument on the matter is necessary. Should the Court find appellant's pleading wholly unpersuasive, the Court will direct counsel for the appellee to submit to the Clerk of Court a statement enumerating appellee's attorney's fees and costs incurred in defending this appeal as well as the interest lost on the $2,500,000 owed during the pendency of this appeal. After reviewing appellee's submission, the Court will order appellant to recompense appellee in an appropriate sum.

---

States Court of Appeals for the Third Circuit, even though they are being applied in a context of purely local, Virgin Islands substantive law. This distinction between matters of purely local law and issues of federal law is developed more fully in *Monsanto-Swan v. Government of the Virgin Islands*, V.I. BBX 92CR211A.DT3, 1996 WL 77500 (D.V.I. App. Jan. 25, 1996); *see Hovic v. Richardson*, 32 V.I. 336, 894 F. Supp. 211 (D.V.I. App. 1995) (as amended).

The Court will also consider sanctioning appellant's counsel personally for excessive costs:

> Any attorney . . . admitted to conduct cases in any court of . . . any Territory [ of the United States] who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Appellant's counsel will be given ten (10) days from the date this opinion is filed to submit a brief regarding the appropriateness of sanctions under section 1927. Appellee will have five (5) days thereafter within which to file a response, if she so chooses.

V

As a final matter, the Court considers appellant's recently filed petition for writ of mandamus. A brief factual recitation is necessary to this endeavor.

At the time that appellant filed the instant appeal, he simultaneously moved the Territorial Court for a stay of execution pending appeal. The Territorial Court granted the stay, "conditioned upon [ appellant's] posting of a cash bond in the amount of $1,000,000.00 and a $1,622,809.09 property bond within ten days." Instead of posting a cash bond, as ordered, appellant posted a surety bond executed by Robert Armstrong of Companion Incorporated; to satisfy the property bond, appellant filed copies of stock certificates, promising to retain the stock in an unencumbered condition and to deliver the stock certificates to the Territorial Court's Registry upon further order. Dissatisfied with appellant's posting, the Court lifted its stay on August 24, 1995, which was not disturbed upon petition to this Court (Order of December 6, 1995, Moore, C.J.).

Appellant then filed an emergency motion for stay in this Court. On December 21, 1995, the day after argument was heard in this matter, we granted appellant's emergency motion conditioned upon the posting of a supersedeas bond in the form of $3,000,000 cash with the Territorial Court no later than January 2, 1996. Appellant failed to post such bond and the stay was not extended.

150

Although appellant posted no bond on January 2, 1996, he did on that date file a Motion for Release of Rejected Supersedeas Bond. The Territorial Court denied such motion on February 6, 1996. In so doing, the court explained that:

> prior to the Stay entered on December 21, 1995, and pursuant to a valid writ of execution, the Marshal of the Territorial Court of the United States Virgin Islands seized the certificates in the Registry of the Court. . . . Because the stock certificates were in the possession of the Territorial Court, the Marshal of the Territorial Court had the authority to execute on that property and request that the certificates remain in the Court's Registry for safe keeping until such time as an execution sale is conducted by the Marshal's Office.

Appellant, on February 8, 1996, filed a Petition for Writ of Mandamus in this Court, asking us to direct the Clerk of the Territorial Court to release appellant's bond.

■ Although the proceedings that have culminated in the instant motion are somewhat complex, our resolution of such motion is simple. We will deny it. Where relief may be obtained through an ordinary appeal, a writ of mandamus is not warranted. *Will v. United States*, 389 U.S. 90, 95, 19 L. Ed. 2d 305, 88 S. Ct. 269 (1967). Because mandamus is not a substitute for appeal, and because appellant may challenge the Territorial Court's February 6, 1996 Order by way of appeal, we deny appellant's petition for writ of mandamus.[12]

VI

In conclusion, we deny appellee's motion to dismiss. We affirm the judgment of the Territorial Court. We also order appellant to submit to this Court within ten (10) days of the date of filing of this opinion a brief addressing the applicability of sanctions under Rule

---

[12] We admonish appellant's counsel for failing to advise the Court, in the Petition for Writ of Mandamus, that the Territorial Court had denied his motion for release. If counsel thought that we would overlook this fact (and its implications) in ruling on the motion, he was in error.

38 of the Federal Rules of Appellate Procedure. Finally, we deny appellant's petition for writ of mandamus.

An appropriate order will be entered.

This 18 day of April, 1996, after careful review of the record and having considered the submissions and arguments of the parties and for the reasons set forth in the Court's accompanying opinion, it is hereby

ORDERED that the Territorial Court's Order dated July 6, 1995 is AFFIRMED; it is further

ORDERED that appellee's motion to dismiss is DENIED; it is further

ORDERED that appellant submit to this Court within ten (10) days of the filing of the attached opinion a brief addressing the appropriateness of sanctions under Rule 38 of the Federal Rules of Appellate Procedure; it is further

ORDERED that counsel for appellant submit to this Court within ten (10) days of the filing of the attached opinion a brief addressing the appropriateness of sanctions under 28 U.S.C. § 1927; and it is further

ORDERED that appellant's petition for writ of mandamus is DENIED.

DISPOSITION Appellee's motion to dismiss denied. Judgment of Territorial Court affirmed. Appellant's petition for writ of mandamus denied.