**DEE ANNA DREW, Appellant,**
**v.**
**LENROY DREW, Appellee**

D.C. Civ. App. No. 1995/007

T.C. Fam. No. 378/1994

District Court of the Virgin Islands

Div. of St. Croix

July 25, 1997

STEPHANIE CANGIN, ESQ., (Legal Services of the V.I., Inc.), St. Croix, U.S.V.I., *for Appellant[1]*

---

[1] Appellee made no appearance in this appeal.

MOORE, *Chief Judge*, FINCH and SWAN, *Judges*

## OPINION OF THE COURT

PER CURIAM

The issue presented on appeal is whether the trial court abused its discretion in denying appellant's request for a domestic violence protective order. Appellant specifically appeals the court's finding that she failed to prove, by a preponderance of the evidence, that appellee's act of pushing her constituted domestic violence when appellee admitted under oath that he had pushed her during an argument.

## FACTS

Appellant, plaintiff in the trial court, and appellee were husband and wife. The couple resided in the same household and had three minor children. In an alleged domestic violence incident, appellee pushed appellant during the course of an argument. On October 25, 1994, appellant filed a complaint and motion for a temporary restraining order alleging that appellee committed domestic violence. The complaint alleged that appellee committed both assault and battery, which are two of the acts constituting domestic violence against a spouse or other person protected by the domestic violence statute. *See* V.I. CODE ANN. tit. 16, § 91 (1996).

At a hearing before the trial court, appellant and appellee appeared *pro se* and testified about the incident. Appellant testified that the atmosphere had been tense between them for almost two weeks because of their arguments. Appendix ["App."] at 10. On the day of the incident appellee testified that appellant spat on him, but appellant said that she only "made a noise like "pooh-pooh."" App. at 11. Appellee then touched her on the back of the head,[2] and grabbed her keys to remove the car key.[3]

Appellant testified:

So, he's try taking my keys, so I went to get my keys from

----

[2] Appellant testified that appellee's touch did not hurt:

[H]e said I spit at him; and he went like this in the back of my head, like that (indicating). And, it didn't hurt, but it's that he did touch me.

App. at 11.

[3] The car was in appellee's name, but appellant had driven it since 1991. *Id*. at 11-12.

him. So, I am trying to get my keys from him and he pushed me and I landed.

*Id.* at 11. Appellant stated that the push was hard, and she injured her arm by hitting a chair as she fell to the floor. *Id.*

Appellant further testified that appellee abused her for 14 years, and that she had pressed charges against him on a previous occasion in 1989 or 1990. *Id.* at 21-22. Appellant concluded her testimony by stating that she has "a temper" and "a problem with [her] mouth," and that appellee makes her "real angry." *Id.* at 22.

Appellee began his testimony by explaining: "This complaint is about the domestic violence that I had pushed Dee Anna, which I did." App. at 13. Appellee stated that during the course of the argument he became enraged when appellant spat on him while he was seated. *Id.* at 15. He testified:

I was so angry I got up to hit her; but when I realize that's what she want me to do — because she kept saying, 'I'll get your ass out of here; I'll get your ass out of here' — so I just push her head because it was hurting.

*Id.* at 15-16.

Appellee further testified that the argument continued after appellant threw a bowl of dried beans at him. *Id.* at 16. Appellee took the car keys from appellant, because he wanted her to clean up the spilled beans before leaving for work, and refused to return the keys when appellant asked for them. *Id.* at 17. Appellee testified:

She want the keys. Then, I was hesitant to give her because I was angry. So, she grab on to my hand, we both holding each other hand. So the kids say, 'Daddy, please give her the key.' And she was holding on to me and pushing me. And I say, 'You really want me to hit you but I am not.' And, I pushed her. Now it turn out to be a hit. Now it's an assault.

*Id.* Appellee said that after he pushed appellant, she tried to hold onto a chair but it slid from her grasp causing her to fall and injure her arm. *Id.*at 17-18.

The trial judge determined that appellant failed to meet her burden of proving domestic violence by a preponderance of the evidence. The trial judge ruled as follows:

> This matter is before the Court on the complaint for domestic violence filed by the Plaintiff. . . . and the Court cannot find that by a preponderance of the evidence that domestic violence has been established. As such, the complaint will be dismissed.

*Id.* at 23-24. The trial judge dismissed the complaint, and appellant filed the instant appeal.

### DISCUSSION

### A. Jurisdiction and Standard of Review

■ This Court has jurisdiction to review the judgments and orders of the territorial court in all domestic relations cases. 4 V.I.C. § 33. *See Prosser v. Prosser,* 921 F.Supp. 1428, 34 V.I. 139 (D.C.V.I. 1996). The trial court's ruling denying appellant's request for a domestic violence protective order is reviewable for abuse of discretion. *See Camacho v. Dodge,* 35 V.I. 160, 165 (D.C.V.I. 1996). Findings of fact made in the exercise of such discretion may be reversed only if clearly erroneous, *Prosser* at 144; 4 V.I.C. § 33, and whether domestic violence occurred is a question of fact.[4]

### B. Whether the Territorial Court Abused Its Discretion In Denying Appellant's Request For A Domestic Violence Protective Order

■ Appellant suggests that this Court seek guidance from other Virgin Islands Code ["Code"] sections in defining the terms "assault" and "battery" which are used, but not defined, in the

---

[4] *Accord Bryant v. Burnett,* 624 A.2d 584, 586 (N.J. Super. Ct. App. Div. 1993) (noting that, unless unsupported by "adequate, substantial, and credible evidence," an appellate court must leave undisturbed the trial judge's findings in a case arising under the state domestic violence statute).

domestic violence statute. A court may turn to another section of the Code for guidance where one section fails to define a term that the other section defines. *See Knowles v. Knowles*, 9 V.I. 360, 366 (D.C.V.I. 1973) (using a definition of "homestead" provided in another section of the code where the divorce statute was silent regarding the definition). "Assault" or "battery" are two of the acts comprising domestic violence when committed against a person protected by the statute. 16 V.I.C. § 91 (Supp. 1995). Several other acts listed in that section are also not defined within that section. They are, however, defined within the section of the Code relating to crimes. The crime of assault is defined as "[w]hoever — (1) attempts to commit a battery; or (2) makes a threatening gesture showing itself an immediate intention coupled with an ability to commit a battery." 14 V.I.C. § 291 (1964). The crime of assault and battery is defined as "[w]hoever uses any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used." 14 V.I.C. § 292 (1964). This Court looks to these definitions for guidance absent any indication to the contrary that the lower court made use of any conflicting definition of assault or battery.

█ The statutory language clearly indicates that there must be an "intent to injure." In a case of assault or assault and battery, an intent to injure is a question of fact. *Government of the Virgin Islands v. Frett*, 14 V.I. 315, 325 (Terr. Ct. 1978). The Court may infer intent from: 1) the facts and circumstances surrounding the act; 2) the situation of the parties; 3) the nature and extent of the violence; 4) the acts and declarations of the parties at the time; and 5) the objects to be accomplished." *Id*. Appellant's argument focused on the first factor, the facts and circumstances. Appellant's Brief ["Brief"] at 8.

Appellant argued that it was "clear error" for the trial judge to find that domestic violence was not adequately proven, and requests that this Court reverse the lower court's ruling. Brief at 11. Appellant also avers that both parties testified that appellee battered appellant. *Id*. at 10-11. Both the testimony presented by appellee that he pushed appellant after she grabbed his hand to take the keys, and the trial judge's ruling belie the appropriateness

of finding that appellee admitted to battery. Appellee admitted to pushing appellant; he did not testify that he intended to injure her.

The first *Frett* factor allows the court to infer intent from the facts and circumstances surrounding the act. Appellant attempted to convince the court that appellee intended to injure her by testifying that he had committed violent acts against her in the past. Appellant also testified that she pressed charges against appellee in 1989 or 1990. App. at 10. The trial court looked at the facts and circumstances surrounding this most recent incident and determined that they did not evince an intent by appellee to injure appellant. The other *Frett* factors also fail to support appellant.

The parties in this matter were husband and wife. The nature and extent of the violence was that appellee pushed appellant during an argument. Appellant was injured, but this Court could infer from the ruling below that the judge failed to find any intent to injure. The trial judge could have inferred from the evidence that appellee's objective was to push appellant away from him after she grabbed him rather than to injure her. The trial judge couched his ruling in terms of believing either appellant or appellee:

> If I believe the Plaintiff, then I find domestic violence. If I believe the Defendant, then I do not. However, it is the Plaintiff that carries the burden of proof, and the Court cannot find that by the preponderance of the evidence that domestic violence has been established.

App. at 23. Implicit in that ruling is that the trial judge examined the evidence presented—most of which included the facts and circumstances surrounding the act. Despite appellant's contention to the contrary, the ruling was not against the weight of the evidence. *See* Brief at 12. This Court's examination of the factors appellant argued to show intent fails to convince us that the trial judge abused his discretion in making his ruling. We will continue to give the trial court the great deference due its findings of fact and assessment of demeanor.

■ The trial judge was within his discretion to find that appellee pushed appellant, but that push, coupled with the other evidence adduced by appellant at the hearing, failed to constitute domestic violence. Having found that the trial judge did not abuse his

discretion in making his ruling, this Court need not reach appellant's argument that the trial judge disregarded the purposes of the domestic violence statute.

## CONCLUSION

For the reasons stated herein, we affirm the decision of the trial court. The trial judge did not abuse his discretion in finding that appellant failed to meet her burden of proving domestic violence by a preponderance of the evidence. The record supports such a finding based on an inference that appellee lacked the requisite intent to commit an assault and battery. The finding that appellee's act did not constitute domestic violence is, therefore, not clearly erroneous.

DATED this 25th day of July, 1997.

## ORDER OF THE COURT

AND NOW this 25th day of July, 1997, having considered the arguments and submissions of appellant; and for the reasons set forth in the Court's accompanying Opinion of even date,

IT IS ORDERED AND ADJUDGED that Territorial Court's November 16, 1994 dismissal of appellant's the domestic violence complaint is AFFIRMED.