

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2006

# Gimbi v. Fairbanks Cap Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3564

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Gimbi v. Fairbanks Cap Corp" (2006). *2006 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3564

SHARON GIMBI; *CLARENCE GIMBI,

Appellants

v.

FAIRBANK CAPITAL CORP.

*Dismissed per Clerk's Order of 10/03/06

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 01-cv-1992
(Honorable A. Richard Caputo)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 28, 2006

No. 06-4432

IN RE: SHARON GIMBI,

Petitioner

On Petition for a Writ of Mandamus from the
United States District Court for the
Middle District of Pennsylvania
Related to D.C. Civil Action No. 01-cv-1992

Submitted Under Rule 21, Fed. R. App. P.
November 28, 2006

Before: SCIRICA, <u>Chief</u> <u>Judge</u>, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed:   December 6, 2006)

OPINION OF THE COURT

<u>PER CURIAM</u>.

Sharon Gimbi appeals the District Court's order denying her motion filed pursuant to Fed. R. Civ. P. 60(b). Gimbi filed the motion over four years after the District Court entered its order dismissing her complaint. The District Court dismissed the Rule 60(b) motion as untimely. Gimbi filed a timely notice of appeal. She has also filed a petition for a writ of mandamus.

We have jurisdiction under 28 U.S.C. § 1291. The denial of a Rule 60(b) motion is an appealable order; however, the scope of the appeal does not include the underlying judgment. <u>Browder v. Director of Dep't of Corrections</u>, 434 U.S. 257, 263 n.7 (1978). Disposition of a motion under Rule 60(b) is within the discretion of the District Court, and we review the ruling only for an abuse of that discretion. <u>Hodge v. Hodge</u>, 621 F.2d 590, 593 (3rd Cir. 1980). Under Rule 60(b), a party can seek relief from judgment based on the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly
> discovered evidence which by due diligence could not have been discovered
> in time to move for a new trial under Rule 59(b); (3) fraud (whether

2

heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

In her motion, Gimbi argued for relief under Rule 60(b) based on fraud and obstruction of justice. Rule 60(b) provides that a motion made under reason (3) may not be filed more than a year after the judgment. Gimbi's Rule 60(b) motion was filed well beyond a year after the judgment. Thus, the District Court did not abuse its discretion in dismissing the motion.

Gimbi also argues on appeal that Judge Caputo should have recused himself because her expert witness is Michael Shemonsky. In March 2005, Judge Caputo entered an order recusing himself from any matter involving Shemonsky. However, Gimbi did not mention any involvement of Shemonsky in the Rule 60(b) motion or brief. Thus, the District Court was not given notice that this matter allegedly involved Shemonsky. Nor did Gimbi request that Judge Caputo recuse himself.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. Gimbi's motion to file an expert report and her motion to stay inspection of the house are denied. Gimbi's petition for a writ of mandamus is denied. Her motion to compel the District Court to convene a grand jury is denied. There is no federal right to require the government to initiate criminal

3

proceedings. <u>Linda R.S. v. Roland D.</u>, 410 U.S. 614, 619 (1973); <u>United States v. Berrigan</u>, 482 F.2d 171, 173- 74 (3d Cir. 1973).