DLD-093                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4083
_____

BARTHOLOMEW S. UWALAKA,
                                                    Appellant
v.

STATE OF NEW JERSEY; GEORGE BURGERS; MATTHEW D. ORIA;
ROBERT POPKIN; ROBERT CHECCHI; DOES 1-12; DONALD MAGNUS;
TIMOTHY BALLARD; GERALD SUOZZO
_____

On Appeal from the United States District for the District of New Jersey
(D.C. Civil No. 04-cv-02973)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 5, 2013
Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 10, 2014)
_____

OPINION
_____

PER CURIAM

        Bartholomew Uwalaka appeals the District Court's order denying his motion to reopen

his District Court proceedings.  For the reasons below, we will summarily affirm the District

Court's order.

1

The procedural history of this case and the details of Uwalaka's claims are well known to the parties and need not be discussed at length. Briefly, Uwalaka filed a complaint in June 2004 alleging employment discrimination and violations of his constitutional rights. In August 2006, the case was dismissed for lack of prosecution. In March 2013, Uwalaka filed a motion to reopen the case. In his motion to reopen, he addressed the District Court's reasoning in its dismissing of the matter several years earlier. He alleged that between 2005 and 2012, his home was continually searched by unknown agents of the defendants who removed court papers and evidence in an effort to intimidate him from attending the proceedings in his case. He stated that he was hospitalized several times during this time period. The District Court concluded that Uwalaka had not shown extraordinary circumstances and denied the motion to reopen. Uwalaka filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. Disposition of a motion under Rule 60(b) is within the discretion of the trial court, and we review the ruling only for an abuse of that discretion. Hodge v. Hodge, 621 F.2d 590, 593 (3d Cir. 1980). A Rule 60(b) motion may not be used as a substitute for an appeal. Legal error, without more, is not a basis for granting a Rule 60(b) motion. Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988). A litigant moving under Rule 60(b)(6) must show "extraordinary circumstances" to justify reopening a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 536 (2005).

On appeal, Uwalaka argues that he was ill, on medications, and in treatment from 2006 until 2013 and lacked the money to hire counsel. The District Court did not abuse its discretion in determining that Uwalaka's allegations do not rise to the level of extraordinary circumstances. His allegations of legal errors by the District Court are not grounds for a Rule

2

60(b) motion.  His newly-discovered evidence is not grounds for reopening as the motion is untimely under Rule 60(b)(2).  <u>See</u> Fed. R. Civ. P. 60(c)(1) (Rule 60(b) motion based on new evidence must be filed within one year of judgment.)

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6. Appellant's motion for the appointment of counsel is denied.