**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-2003, 15-2004
_____

VI DERIVATIVES LLC BY VIFX LLC ITS TAX MATTERS PARTNER BY
RICHARD G. VENTO ITS TAX MATTERS PARTNER,

Appellant in case no. 15-2003

v.

UNITED STATES OF AMERICA; DIRECTOR VIRGIN ISLANDS BUREAU OF
INTERNAL REVENUE
_____

VIFX LLC BY RICHARD G. VENTO ITS TAX MATTER PARTNER,

Appellant in case no. 15-2004

v.

UNITED STATES OF AMERICA
_____

On Appeal from the District Court of the Virgin Islands
(D.C. Nos. 3-06-cv-00012; 3-06-cv-00013)
District Judge: Honorable Juan R. Sánchez
_____

Argued: May 17, 2016
_____

Before: FUENTES,[*] VANASKIE, and RESTREPO, *Circuit Judges*.

(Filed: October 21, 2016)

Amy Adelson, Esq.
Suite 096
43 West 43rd Street
New York, NY 10036

Nathan Z. Dershowitz, Esq. [ARGUED]
415 East 37th Street, 18J
New York, NY 10016

Joseph M. Erwin, Esq.
100 Crescent Court
Suite 700
Dallas, TX 75201

> *Attorneys for Appellants VI Derivatives LLC by VIFX LLC Its Tax Matters Partner by Richard G. Vento Its Tax Matters Partner; VIFX LLC by Richard G. Vento Its Tax Matter Partner*

Melissa Briggs, Esq.
Teresa E. McLaughlin, Esq. [ARGUED]
Jennifer M. Rubin, Esq.
United States Department of Justice
Tax Division
950 Pennsylvania Avenue, N.W.
P.O. Box 502
Washington, DC 20044

> *Attorneys for Appellee United States of America*

Barry J. Hart, Esq.
Winston & Strawn LLP
1700 K Street N.W.
Washington, DC 20006

---

[*] The Honorable Julio M. Fuentes assumed senior status on July 18, 2016.

Carol L. Thomas-Jacobs, Esq.
Office of Attorney General of Virgin Islands
Department of Justice
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, VI 00802

*Attorneys for Appellee Director Virgin Islands Bureau of Internal Revenue*

———————

OPINION[**]

———————

RESTREPO, *Circuit Judge*.

In these consolidated appeals, Appellants V.I. Derivatives, LLC and VIFX, LLC (collectively, "LLCs") challenge the District Court's orders denying their motions to dismiss for lack of subject matter jurisdiction. We agree with the District Court that the LLCs' challenges to the District Court's subject matter jurisdiction were barred by res judicata, and, therefore, we will affirm.

# I

The tax dispute underlying these consolidated appeals began when a technology company founded by Richard Vento was sold. As a result of the sale, the Vento family and several Vento-related entities realized $180 million in capital gains in tax year 2001.

---

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Claiming residency in the United States Virgin Islands ("USVI"), Richard and Lana Vento, their three daughters, and the LLCs, filed their respective 2001 income tax returns with the Virgin Islands Bureau of Internal Revenue ("VIBIR"), rather than with the Internal Revenue Service ("IRS").

On October 14, 2005, the Commissioner of the IRS issued notices of final partnership administrative adjustments ("FPAAs") to the LLCs for the 2001 tax year, and issued notices of deficiency of federal income tax to the individual members of the Vento family.[1] Richard Vento, tax matters partner for the LLCs, then filed in District Court for the Virgin Islands petitions for readjustment of both FPAAs (hereinafter referred to as the "federal proceedings").

Around the same time, the VIBIR issued territorial notices of deficiency to the Vento family members and FPAAs to various other related entities, including the LLCs, for the 2001 tax year. Petitions were filed in District Court challenging these FPAAs and deficiency notices (hereinafter referred to as the "territorial proceedings"). The territorial proceedings were consolidated with the federal proceedings in District Court, and the United States was permitted to intervene in the territorial cases.

In June 2010, after the parties conducted extensive discovery on residency issues, the District Court held a bench trial to determine whether the individual Vento family members were bona fide residents of the USVI as of December 31, 2001, for income tax purposes. The District Court held, in a February 2011 opinion, which was amended in

---

[1] The FPAAs challenged certain partnership items reported on the LLCs' informational tax returns, which reported the LLCs' income and losses.

4

April 2011, that none of the Ventos were USVI residents. Soon thereafter, the District Court issued judgments dismissing the territorial proceedings (hereinafter referred to as the "April 2011 Judgments"), since the territorial proceedings were premised on the Vento family's residency in the USVI. The Ventos and the VIBIR filed timely appeals in this Court challenging the District Court's residency opinion and the April 2011 Judgments.

While those appeals were pending, and with residency decided by the District Court, the parties conducted some discovery in the federal proceedings on the underlying tax liability issues. At the close of this discovery period, the United States moved for summary judgment against the LLCs on liability issues.[2] The District Court granted the motions on December 13, 2011, and entered judgments in the federal proceedings on January 9, 2012 (hereinafter referred to as the "January 2012 Judgments").[3] The LLCs filed timely appeals of the District Court's residency opinion and the January 2012 Judgments.

This Court consolidated the pending appeals, and on April 17, 2013, a three-judge panel affirmed, in a precedential opinion, the District Court's April 2011 opinion that three of the Ventos – daughters Nicole, Gail, and Renee – were not bona fide USVI residents for tax purposes. But the panel reversed the District Court's decision as to

---

[2]     Specifically, the United States moved for partial summary judgment against the LLCs on the merits of the adjustments determined in the FPAAs relating to the Market Linked Deposit (MDL) tax shelter and related transactions.

[3]     The District Court considered the judgments final since the government conceded all other penalties determined in the FPAAs.

5

parents Richard and Lana Vento, concluding that they *were* bona fide USVI residents. *Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455 (3d Cir. 2013) (hereinafter referred to as the "Vento Residency Decision"). With respect to the LLCs, the panel concluded in a footnote: "The District Court made no findings with respect to the Vento partnerships. Because those partnerships are pass-through entities . . . , they do not have residencies separate from their owners." *Id.* at 479 n.22 (citation omitted). The panel's judgment in the Vento Residency Decision, entered by the Clerk of Court, stated that the District Court's April 2011 Judgment was reversed in part and affirmed in part.[4]

The three Vento daughters petitioned this Court for rehearing of the residency appeals. The rehearing petition was denied in June 2013. No party to the consolidated appeals sought certiorari in the United States Supreme Court.

A full year later, the LLCs filed motions in District Court seeking to dismiss the federal proceedings for lack of subject matter jurisdiction. The District Court denied the motions on March 31, 2015, holding that res judicata barred the LLCs' challenges to the court's subject matter jurisdiction, because the Vento Residency Decision constituted a final judgment on the merits for the LLCs' consolidated cases. These timely appeals followed.

---

[4] The opinion and judgment issued in connection with the Vento Residency Decision refer to a singular April 2011 Judgment by the District Court. *See* App. 253-56 ("[I]t is now hereby ORDERED and ADJUDGED that the judgment of the District Court of the Virgin Islands entered April 19, 2011 . . . is hereby REVERSED IN PART and AFFIRMED IN PART."). It is understood that the Vento Residency Decision impacted the numerous April 2011 Judgments entered by the District Court in the territorial proceedings.

6

## II[5]

It is well-settled law that subject matter jurisdiction cannot be forfeited or waived, and that it can be challenged at any stage of litigation before final judgment, even if that challenge is raised for the first time on appeal. *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009); *see In re Kaiser Grp. Int'l Inc.,* 399 F.3d 558, 565 (3d Cir. 2005). But it is equally well-settled law that when a federal court reaches final judgment on the merits, "the issue of its subject matter jurisdiction is res judicata even though it was not litigated or, indeed, even though the decree was totally uncontested." *Hodge v. Hodge*, 621 F.2d 590, 592 (3d Cir. 1980) (stating that "unless more than the private interests of the litigants is at stake, even the issue of subject matter jurisdiction must at some point be laid to rest").

The LLCs contend in these appeals that there are no final judgments in their cases to which a res judicata defense can attach; therefore, their late challenges to the District Court's subject matter jurisdiction are not yet foreclosed. We disagree.

In their appeals of the District Court's residency decision and the January 2012 Judgments, the LLCs raised only one issue: the bona fide residency of each individual Vento family member, which would ultimately determine the residency of the LLCs. The Vento Residency Decision explicitly decided this issue, and thus fully resolved not only the appeals of the April 2011 Judgments, but also resolved the LLCs' appeals of the

---

[5] We have jurisdiction to review these final orders of the District Court pursuant to 28 U.S.C. § 1291. Our review of whether the district court was vested with subject matter jurisdiction is plenary. *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996).

7

January 2012 Judgments, since the LLCs did not "have residencies separate from their owners." App. 253.

Significantly, neither the opinion nor the judgment issued in connection with the Vento Residency Decision indicated that the LLCs' cases were being remanded to the District Court for further proceedings on the merits; nowhere in the opinion or the accompanying judgment does the word "remand" appear. If we look beyond the particular language chosen and focus on the substance of the opinion, the LLCs fare no better. The Vento Residency Decision did not provide any instructions to the District Court or suggest that other proceedings or new findings in the LLCs' actions were necessary. In short, neither the panel's opinion nor its judgment indicated that the District Court had any additional work left to do with respect to the LLCs' cases.

Indeed, because residency was the only issue challenged on appeal by the LLCs and residency was fully resolved in the Vento Residency Decision, what remained was simply the administrative task, presumably to be handled by the IRS and VIBIR, of calculating the LLCs' respective tax assessments consistent with the Vento Residency Decision.[6] Accordingly, as the District Court's order explained, final judgments on the

---

[6] We have explained, albeit in a slightly different context, that a decision should be considered final "if only a 'ministerial' task remains for the district court to perform," such as a "mechanical and uncontroversial" calculation of damages. *Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 200 n.8 (3d Cir. 2004) (internal quotation marks omitted).

8

merits, to which the res judicata defense could attach, existed in the federal proceedings once the time to appeal the Vento Residency Decision expired, at the very latest.[7]

## III

For the foregoing reasons, we agree with the District Court's determination that the LLCs' subject matter jurisdiction challenges are barred by res judicata. Accordingly, we affirm.

---

[7] While it has no bearing on our holding today, we note that it was the LLCs that invoked the District Court's subject matter jurisdiction in the first place by filing the underlying complaints, and the LLCs that reiterated the District Court's proper subject matter jurisdiction in their appeals of the District Court's residency decision and the corresponding April 2011 and January 2012 Judgments.