**GOVERNMENT OF THE VIRGIN ISLANDS ex rel. Olga LARSEN, Appellant,**

v.

**Paul RUIZ, Appellee.**

**Government of The Virgin Islands ex rel. Consylitha Walters, Appellant,**

v.

**Cy Todman, Appellee.**

**Civ.A. Nos. 1994–095, 1994–098.**

District Court,
Virgin Islands,
St. Croix Division,
Appellate Division.

Considered: Feb. 22, 1995.

Filed: Dec. 8, 2000.

Claude E. Walker, St. Thomas, U.S.V.I., for Appellant.

Michael M. Lee, St. Croix, U.S.V.I., for Appellees.

Before: RAYMOND L. FINCH, Chief Judge, District Court of the Virgin Islands; THOMAS K. MOORE, Judge of the District Court of the Virgin Islands; and BRENDA J. HOLLAR, Territorial Court Judge, Division of St. Thomas, Sitting by Designation.

## OPINION OF THE COURT

MOORE, District Judge.

In these consolidated appeals, the Government of the Virgin Islands argues that the Territorial Court misconstrued the "best interests of the child" standard and misapplied the payroll withholding rules of the Virgin Islands Code in vacating child support awards for Olga Larsen ["Larsen"] and Consylitha Walters ["Walters"], and remanding this matter to an administrative judge for further proceedings.

## FACTUAL SUMMARY

Appellant Larsen married appellee Paul Ruiz ["Ruiz"] and produced two children. When Larsen divorced Ruiz, she received physical custody of the children. Ruiz consented to pay Larsen $300 per month for child support under a Territorial Court order that did not provide for automatic deduction of support payments from his paycheck.

Thereafter, Larsen asked the Virgin Islands Division of Paternity and Child Support ["DPCS"][1] to modify this support order due to a "significant change of circumstances." After an evidentiary hearing, a DPCS administrative judge ["ALJ"] entered an order increasing Ruiz' support payments from $300 to $684 per month. In setting the new amount of child support, the ALJ refused to consider that Ruiz had remarried and now supported

---

1. DPCS is an agency established within the Virgin Islands Department of Justice to administer a congressionally mandated program to assure adequate financial support for children. *See* V.I. CODE ANN. tit. 16, § 391.

two additional children from that union. The ALJ ordered that the support payments be withheld and deducted from Ruiz' paycheck, even though Ruiz had received no notice that he could be subject to automatic payroll withholding.

Ruiz appealed the revised support order to the Territorial Court. After an evidentiary hearing, the trial judge held that the ALJ erred by failing to consider the "best interests" of Ruiz' subsequent children in calculating the new amount of child support for Larsen, and remanded the case to DPCS to allow Ruiz to present evidence of his obligations to his younger children. The trial judge also terminated the automatic payroll withholding ordered by the ALJ because Ruiz had no history of late payments, and DPCS had not notified him that it would consider deducting payments directly from his paycheck.

After this decision, the Territorial Court vacated a similar child support order that had authorized automatic deductions of $379.04 per month from appellee Cy Todman's ["Todman"] paycheck for his ex-wife, appellant Walters. The ALJ had failed to consider that Todman supported another child from a subsequent marriage, and had not been delinquent on his past payments to Walters under their support agreement. *See Government of the Virgin Islands ex rel. Consylitha Walters v. Cy Todman,* Fam. No. S89/1993 (Terr.Ct.DATE, 1994) (remanding case to DPSC).

The government filed a timely notice of appeal on behalf of Larsen and Walters, and the cases were consolidated for decision.

## DISCUSSION

Since an order remanding a case to an administrative agency generally is not a final order subject to appeal, we must first resolve whether the Appellate Division has jurisdiction over this matter. The parties have not raised this issue.[2]

### A. Appellate Jurisdiction

The Virgin Islands Code vests this Court with the power to review "judgments and orders of the territorial court in all civil cases." *See* 4 V.I.C. § 33. Neither the Congress[3] nor the Legislature of the Virgin Islands has cabined our jurisdiction to final judgments and orders. We nevertheless have tended to construe section 33, like 28 U.S.C. § 1291, as referring to *final* judgments and orders which confines the jurisdiction of the federal courts of appeals to "final decisions" of the district courts. *See, e.g., Government v. de-Jongh,* 28 V.I. 153, 158–59, 1993 WL 661726, at *4 (D.V.I.App.Div.1993) ("the limitation on our appellate jurisdiction to appeals from final orders was established by judicial interpretation").

■■■ An order is "final" for purposes of appellate review under 28 U.S.C. § 1291 if it terminates the litigation between the

---

**2.** The appellees did contend that the Court lacked jurisdiction over these appeals because 4 V.I.C. § 33 required them to be "specifically allowed by the district court." By entertaining these appeals, however, the Appellate Division has given *de facto* permission for them to proceed. *See Prosser v. Prosser,* 34 V.I. 139, 144, 921 F.Supp. 1428, 1430 (D.V.I.App. Div.1996), *rev'd on other grounds,* 186 F.3d 403 (3d Cir.1999).

**3.** Section 23A of the Revised Organic Act of 1954 established the Appellate Division of this Court and authorized its jurisdiction to that "now or hereafter prescribed by local law." See also 48 U.S.C. § 1613(a). The complete Revised Organic Act of 1954 is located at 48 U.S.C. §§ 1541–1645 (1994), *reprinted in* V.I. CODE ANN. 73–177, Historical Documents (1995 & Supp.1998) [hereinafter "REV. ORG. ACT"] (preceding Title One of the Virgin Islands Code).

parties on the merits of the case and leaves nothing to be done but to enforce what has been determined. *See, e.g., St. Louis Iron Mountain and Southern Railway Co. v. Southern Express Co.*, 108 U.S. 24, 28–29, 2 S.Ct. 6, 27 L.Ed. 638 (1883), *cited in Richerson v. Jones*, 551 F.2d 918, 922 (3d Cir.1977).[4] On the other hand, courts have treated as final a remand order to an administrative agency based on a legal ruling adverse to the agency, which will not be reviewable after remand because of mootness or otherwise. *See, AJA Associates v. Army Corps of Engineers*, 817 F.2d 1070, 1072 (3d Cir.1987) ("[W]hen a [trial] court finally resolves an important legal issue in reviewing administrative agency action and denial of appellate review before remand to the agency would foreclose appellate review as a practical matter, the remand order is immediately appealable.").[5] This final order requirement for federal courts of appeals dates back to the dawn of the federal judicial system with the Judiciary Act of 1789, and to the English common law before that. *See Bachowski v. Usery*, 545 F.2d at 367.

■ By adopting a judicial final judgment rule, however, we did not abolish the broad grant of jurisdiction conferred upon the Appellate Division by the Legislature. "Having been judicially narrowed," this rule "can be judicially expanded." *See Prosser*, 34 V.I. at 142 n. 4, 921 F.Supp. at 1429 n. 4 (considering appeal from denial of injunction compelling arbitration in domestic relations case). For sound reasons in the extraordinary case, we may consider an order as final and reviewable even if it might not constitute a final decision under 28 U.S.C. § 1291. "Under this practical approach, the most important competing considerations are 'the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other.'" *See Prosser*, 34 V.I. at 143, 921 F.Supp. at 1431 (quoting *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152–53, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964) (citation omitted)).

■ Weighing these competing interests, we conclude that our final judgment rule does not bar appeals from Territorial Court orders bearing directly on the non-custodial parent's obligation to pay child support. Child support payments are never fixed in a final sense under Virgin Islands law, and may be modified due to changed circumstances. *See* 16 V.I.C.

---

4. *See also United Steelworkers of America v. Union R.R. Co.*, 648 F.2d 905, 909–10 (3d Cir.1981) ("[I]n directing a remand, the district court was not seeking to have the Board consider new or additional evidence concerning the findings it 'reversed.'"). Generally, an order remanding a matter to an administrative agency is not a final order which is immediately appealable. *See, e.g., Marshall v. Lansing*, 839 F.2d 933, 940 (3d Cir.1988) (remand to parole commission to reexamine its assignment of prisoner's parole category and explain its reasoning if it reaffirms that category); *Bachowski v. Usery*, 545 F.2d 363, 371–73 (3d Cir.1976) (remand order interlocutory because it did not direct agency to take particular action but only to follow specified guidelines or standards, which contemplated further proceedings that could be reviewed on later appeal); *Marshall v. Celebrezze*, 351 F.2d 467, 468 (3d Cir.1965) (remand of social security disability-benefits case to HEW Secretary to take additional evidence).

5. *See also Horizons International, Inc. v. Baldrige*, 811 F.2d 154 (3d Cir.1987) (order rejecting agency's position that review must be confined to agency record and that instant record supported its action is final because second position, and probably the first, will be unreviewable on appeal after agency proceedings on remand); *United Steelworkers of America Local 1913 v. Union R.R. Co.*, 648 F.2d 905, 909 (3d Cir.1981) (when dismissal of appeal of district court's order will have practical effect of denying later review, appellate jurisdiction under section 1291 may be appropriate).

§ 110, 345(b). Further, as *parens patriæ*, the government has an extraordinary, compelling interest in the "physical and psychological well-being" of children. *See In re Barrett*, D.C. Civ.App. No. 1991–159, slip op. (D.V.I.App.Div.1995). This interest predominates over the interests of judicial economy. The Territorial Court has resolved important questions of law integral to the welfare of children in a manner adverse to DPCS, the agency charged with that law's administration. These legal questions are separable from the factual questions remanded to DPCS, and there is no risk of duplicative appeals. The trial court's order is final for purposes of appeal.

Before discussing the merits of these appeals, we observe that Ruiz and Todman did not raise the issue of the Territorial Court's obligation to hear their appeals "*de novo*", as required by 16 V.I.C. § 354(b) before the Legislature eliminated this provision by amendment in 1998.[6] It is the majority's view that the earlier version of section 354(b) accorded Ruiz and Todman the right to request "*de novo*" review by a trial judge, but did not impose an obligation on the judge to apply such review to every appeal. Accordingly, whether or not the amendment to section 354(b) applies retroactively, which it very well may,[7] the trial judge's failure to hear the appeals "*de novo*" does not affect this tribunal's jurisdiction over these consolidated cases. We thus turn to the substantive issues raised by the appellants.

## B. The Parties' Appeals

On Larsen and Walters' behalf, the government contends that the Territorial Court erred by considering the appellees' other children in calculating support payments under the "best interest of the child" standard of 16 V.I.C. § 345(c), and ruling that the ALJ could not impose automatic payroll withholding without notice or a showing that Ruiz or Todman had been delinquent in making child support payments to their ex-wives. These are questions of statutory interpretation, so our review is plenary. *See Parrott v. Government of the Virgin Islands*, 56 F.Supp.2d 593, 594 (D.V.I.App.Div.1999).

Under title 16, chapter 13 of the Virgin Islands Code, DPCS has adopted child support guidelines to establish the proper amount of a support award in every case.

---

**6.** At the time the trial court entertained these appeals, 16 V.I.C. § 354(b) read as follows:

   Orders entered by a hearing officer shall be in writing, shall contain specific findings of fact and conclusions of law, shall be served on all parties, and shall have the same force and effect as orders entered by judges of the Territorial Court, except that an appeal from an order of a hearing officer may be taken to a Family Division judge of the Territorial Court within twenty (20) days of the entry of the order. The court shall hear the appeal de novo and, unless otherwise ordered by the court, the support order entered by the hearing officer shall continue in force while the matter is on appeal.

   In 1998, the Virgin Islands Legislature rewrote the second sentence to eliminate the right of "*de novo*" review given to the parties, to give more finality to the orders of the hearing officer by limiting the appealability of those orders, as follows:

   Such appeal shall only be made upon a showing of material mistake of fact or conclusion of law, with the burden of proof upon the challenger, and, unless the court finds good cause, the paternity or support order entered by the hearing officer shall continue in force while the matter is on appeal.

   16 V.I.C. § 354(b) (as amended May 5, 1998, No. 6228, § 7, Sess. L.1998).

**7.** *See, e.g., Landgraf v. USI Film Products*, 511 U.S. 244, 275, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) ("Changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity.").

According to the *Code*, these guidelines must be "based on a cost-sharing approach in that the child's (children's) needs are divided proportionally between the parents/custodians based upon their relative incomes." 16 V.I.C. § 345(c). The Code further provides:

> The guidelines may be modified or disregarded if it is determined that injustice would result from the application thereof. Such determination must be based on criteria taking into consideration the best interests of the child (children), and further must be supported by specific and written findings of fact, including, at a minimum, the amount that would have been established by the guidelines and the reasons for the variance therefrom.

*Id.* Worksheets A & B of the DPCS Child Support Guidelines in effect at the time of this matter only required that the non-custodial parent indicate "the number of other children [he] has a duty to support," but did not require the ALJ to actually factor this information into the final child support computation. This omission in the Guidelines, however, did not foreclose an equitable division of the non-custodial parent's financial capacity that would satisfy the best interests of the appellees' custodial and non-custodial children.

■ We agree with the Territorial Court that the hearing officer erred in disallowing evidence on the needs of the appellees' subsequent children in calculating the support award due Larsen and Walters. Any other conclusion would require the Court to abandon all "equity and common sense" and subordinate the needs of Ruiz and Todman's younger children to those of their older children from previous marriages. *See Emmanuel v. Emmanuel,* 15 V.I. 103, 115 (D.V.I.1978). Consequently, we will affirm the trial court's ruling

that the ALJ erred in refusing to consider the needs of the appellees' subsequent children in calculating support payments under the "best interest of the child" standard of 16 V.I.C. § 345(c), as well as its remand to DPCS for an evidentiary hearing on that question.

■ Next, the government argues that the Territorial Court erred in vacating the automatic payroll deductions ordered by the ALJ under 16 V.I.C. § 353, because the ALJ "erred both procedurally and substantively when she ordered child support deducted from [appellees'] paycheck[s]" without making a finding that the non-custodial parents had been delinquent in the past. Section 353 requires child support orders to provide for automatic deduction of support payments *unless* "the obligor and obligee agree in writing to an alternative arrangement," or show "good cause for establishing ... [such an] arrangement based on the best interest[s] of the child, and, if applicable, ... a finding that past support payments were timely made." 16 V.I.C. § 353(a–b). It also provides for automatic deduction of support payments upon either parent's request, or when "an arrearage equal to the amount of support payable for one (1) month occurs." *See id.* § 353(b)(1–3).[8] We agree with the government that the trial judge misread section 353 to require proof of late or delinquent child support payments for the imposition of payroll withholding. This mistake does not compel us, however, to validate the ALJ's decision.

We detect serious errors in the ALJ's original decision to authorize deductions from the appellees' paychecks. Appellants Larsen and Walters both had a written agreement with their ex-husbands concerning financial support for their children.

---

**8.** Requests by the custodial parent are subject to a determination by DPCS that, "in accor-

dance with its procedures and standards[,] ... the request should be approved." *See id.*

Nothing in the record indicated that appellees Ruiz or Todman had violated their respective agreements or made late payments. Given these facts, it would appear that there were no grounds to order automatic payroll deductions under section 353(b). If such grounds existed, the ALJ neglected to explain them "in writing ... [with] specific findings of fact and conclusions of law," as mandated by law. *See* 16 V.I.C. § 354(b).[9] Absent clearly articulated facts, the original administrative decision cannot stand.[10]

## CONCLUSION

These appeals are properly before the Appellate Division because they present vital questions about the administration of the territorial child support statute. We embrace the trial court's view that the "best interests of the child" standard of 16 V.I.C. § 345(c) applies to all of the children supported by the parents under statute, and not just to those who were born first. We will vacate the trial court's termination of *automatic payroll withholding* from the appellees, and otherwise affirm its remand of this case to DPCS. Adhering to title 16, sections 353 and 354 of the Virgin Islands Code, the ALJ shall record his or her determinations regarding the parents' resources and the necessity, if any, for payroll deductions.

HOLLAR, J., dissenting.

I agree with the majority's introductory premise that "an order remanding a case to an administrative agency [generally] *is not* a final order subject to an appeal." [1] I am constrained, however, to depart from the majority's conclusion that an exception to the general rule exists which warrants the exercise of jurisdiction by this Court over these purely interlocutory orders.

Contrary to the majority's holding, I find there exists no jurisdiction to entertain these appeals because: (1) the Territorial Court cannot exercise jurisdiction not provided to it by the local legislature; (2) Ruiz and Todman were not required to raise the issue of the Territorial Court's obligation to hear their initial appeal "de novo"; (3) the Territorial Court's order remanding the cases to the administrative agency is not a final order; (4) the order remanding the cases to the administrative agency is an interlocutory order that does not fall within any exception to the final judgment rule; and (5) the 1998 amendment to section 354(b), eliminating the "de

---

9. Specific findings of fact and conclusions of law are also required from the Territorial Court in order for appellate review to be effective, so the trial judge also erred in this respect.

10. The Territorial Court observed that Ruiz and Todman had received no notice that they might be subject to income withholding. We do not reach the notice issue because we must remand the case for other reasons, but note that the ALJ (and the trial court) must ensure that the notice requirements of 16 V.I.C. § 355 are satisfied if income withholding is to be imposed. *See* 16 V.I.C. § 353(b):

> If a child support order does not provide for immediate income withholding ... income withholding shall then be initiated

pursuant to the procedures set forth in sections 355 through 366 of this chapter, without amendment to the support order or further court or administrative action, and without regard to any alternative arrangements entered into by the parties (1) on the date an arrearage equal to the amount of support payable for one (1) month occurs; or (2) on the date which an obligor makes a request that withholding begin; or (3) on the date on which the obligee makes a request that withholding begin, and the Title IV-D Agency determines in accordance with its procedures and standards that the request should be approved.

1. *Infra* at page ——4.

novo" provision, cannot be applied retroactively to this case.

## A. The Territorial Court Cannot Exercise Jurisdiction Not Provided to It by the Local Legislature.

The Revised Organic Act of 1954, as amended, is the basic charter or constitution of the Territory of the United States Virgin Islands. The Act vests legislative power in the legislature, executive power in the Governor and judicial powers in the District Court. The Act, however, does not vest any particular jurisdiction in the Territorial Court. Instead, the Act confers powers in the local legislature to vest such jurisdiction in the Territorial Court as it deems fit, except for jurisdiction exclusively vested in the District Court. 48 U.S.C. § 1611(b) (1987).

As a direct result of this power conferred on it by the Revised Organic Act of 1954, as amended, the local legislature, via statute, vested certain powers in the Territorial Court, which included *inter alia* "de novo" original jurisdiction regarding administrative appeals of support orders. The applicable provision as set forth at V.I.Code Ann. tit. 16, 354(b), prior to the 1998 amendment, provided:

> "Orders entered by a hearing officer shall be in writing, shall contain specific findings of fact and conclusions of law, shall be served on all parties, and shall have the same force and effect as orders entered by judges of the Territorial Court, except that an appeal from an Order of a hearing officer may be taken to a Family Division Judge of the Territorial Court within twenty (20) days of the entry of the order. The court *shall hear the appeal de novo* and unless otherwise ordered by the court, the support order entered by the hearing officer

shall continue in force while the matter is on appeal." (emphasis added).

The term "de novo" as contained in the statute means "a *new* hearing or hearing for the second time, contemplating an entire trial in the same manner in which the matter was originally heard and a review of previous hearing." BLACK'S LAW DICTIONARY 435 (6th ed.1990). On a hearing "de novo" the court hears the matter as a court of original and not appellate jurisdiction.

While Ruiz and Todman filed timely appeals from the administrative support orders, the Territorial Court failed to conduct a hearing "de novo" as required by statute and failed to invoke original jurisdiction over the controversy, as evidenced by the remand order, which is inconsistent with a final order or judgment from a court which exercised original jurisdiction. Accordingly, these appeals should be remanded to the Territorial Court for a hearing "de novo" requiring a final decision on the merits at the conclusion of the hearing.

## B. Ruiz And Todman Were Not Required To Raise the Issue of the Court's Obligation To Hear Their Appeal "de novo."

In invoking jurisdiction to decide these appeals on the merits, the majority asserts that appellees Ruiz and Todman *did not raise* the issue of the Territorial Court's obligation to hear their appeal *"de novo."* [2] Additionally, the majority further contends that the type of jurisdiction exercised by the Territorial Court was wholly dependent upon whether the appellants in the lower court affirmatively asserted the court's obligation to conduct a "de novo"

---

2. *See infra* at page ——7.

review and if no affirmative assertion was made, then the Territorial Court judge was free to exercise *some other* type of review.[3]

Preliminarily, Ruiz and Todman *did raise* the issue of this court's lack of jurisdiction, but on grounds other than those that are the subject of this dissent.

Secondly, I fail to find, within the plain meaning of 16 V.I.C. § 354(b), any remote suggestion that a Territorial Court family judge can elect not to exercise original "de novo" jurisdiction on appeals from an administrative hearing officer's support order whenever a party to the appeal neglects to affirmatively assert the Court's obligation to conduct a "de novo" appeal.

In arriving at its conclusion, the majority fails to recognize that subject matter jurisdiction is a fundamental and nonwaivable requirement which must be fully considered by a court whenever a lack thereof is brought to its attention, even if raised for the first time on appeal. *Godfrey v. International Moving Consultants*, 18 V.I. 60 (Terr.Ct.1980). Moreover, this Court, in its appellate capacity, is obligated to make a threshold examination to determine if [it] has jurisdiction to hear the matter before it. *Archer v. Aero Virgin Islands Corp.* D.C. Civil Appellate No. 92–18 (D.V.I.App.Div. Sept. 28, 1992). Even if none of the parties raise the issue of jurisdiction, this Court, as a court of limited jurisdiction, must *sua sponte* raise the issue of appellate jurisdiction. *NutraSweet Co. v. Vit–Mar Enterprises*, 176 F.3d 151 (3d Cir.1999). Thus, appellees were not required to raise the issue of the Territorial Court's obligation to hear their appeal "de novo" since the court's authority is jurisdictional and cannot be waived.

**C. The Territorial Court's Order Remanding the Case to the Administrative Agency Is Not a Final Order.**

The majority opinion recognizes that section 23A of the Revised Organic Act of 1954 established the appellate jurisdiction of this Court and limited it to "the extent now or hereinafter prescribed by local law." *See also* 48 U.S.C. § 1613(a). The Virgin Islands Code vests this Court with the power to review *only* "judgments and orders of the Territorial Court in all civil cases." *See* 4 V.I.C. § 33. "Judgments and orders" within the meaning of section 33 have been judicially interpreted to mean "*final*" judgments and orders, *Archer v. Aero Virgin Islands Corps.*, D.C. Civil Appellate No. 92–18 (D.V.I.App.Div. Sept. 28, 1992), so that the jurisdiction of the Appellate Division would mirror that of the federal Courts of Appeal. *See Government of the Virgin Islands v. deJongh*, 28 V.I. 153, 158–59 (D.V.I.App.Div.1993). A "final" order or judgment ends the litigation on the merits and leaves nothing for the court to do but execute judgment. *Ortiz v. Dodge*, 126 F.3d 545 (3d Cir.1997).

Applying the judicial interpretation of this Court's jurisdiction over judgments and orders, together with the meaning of a final order or judgment, it is clear that the Territorial Courts Order remanding these cases to the administrative agency is not a final order.

**D. The Territorial Court's Order Remanding the Case to the Administrative Agency is an Interlocutory Order That Does Not Fall within Any Exception to the Final Judgment Rule.**

Although it has been established that the Territorial Court's order remanding these cases to the administrative agency is

---

3. *See infra* at page ——8. ·

*not* a final order, the majority nevertheless contends that: (1) a remand order to an administrative agency based on a legal ruling adverse to the agency can be treated as a final order, if the order will not be reviewable after remand, due to mootness; (2) the remand order may be immediately appealable when a trial court finally resolves an important legal issue in reviewing administrative agency action and a denial of appellate review before remand to the agency would foreclose appellate review as a practical matter; and (3) under a *Gillespie*[4] analysis whenever an appeal from a Territorial Court order bears directly on the non-custodian parent's obligation to pay support, a final judgment is not required for immediate review.

I find that the majority's reliance on the recited exceptions to the final judgment rule is misplaced.

First of all, nothing within this record, regarding the cases under consideration, supports the contention that the Territorial Court's remand order to the administrative agency, based on a ruling adverse to the agency, would be rendered unreviewable after remand due to mootness.

Secondly, nothing under the facts before this Court suggests that a denial of appellate review before remand to the agency would foreclose appellate review as a practical matter.

Thirdly, in *Gillespie, supra,* unlike the case at bar, the Court of Appeals exercised jurisdiction over the interlocutory orders *without* ruling on a persuasive pending petition, filed by the appellants, for mandamus and alternatively an application for exception to the "final" judgment rule under 28 U.S.C.A. § 1292(b).[5] In the case at bar, not only have the appellants failed to

pursue any of the traditional procedural vehicles, such as Rule 54(b)[6] certification, the "collateral order" doctrine or an application under 28 U.S.C.A. § 1292(b), but it appears that the appellants are totally oblivious to the fact that the remand order they seek to appeal is interlocutory and not subject to appeal. *See In the Matter of Sylvie Alison,* 837 F.2d 619 (3d Cir. 1988).

Another significant distinction between this appeal and the *Gillespie* case is the fact that the issue concerning payment ·of child support by a non-custodial parent is not the type of fundamental issue, impacting upon general federal law, which warrants a deviation from the general final order rule. Hence, I find that the Territorial Court's Order, remanding the case to the administrative agency, does not fall within any recognized exception to the final judgment rule.

### E. The 1998 Amendment to Section 354(b) Eliminating the "de novo" Provision Cannot Be Retroactively Applied to This Case.

On May 5, *1998,* an amendment to V.I.Code Ann. tit. 16, § 354(b) was enacted into law by the local legislature. The new provision provides as follows:

> Orders entered by hearing officer shall be in writing, shall contain specific findings of fact and conclusions of law, shall be served on all parties, and shall have the same force and effect as orders entered by judges of the Territorial Court, except that an appeal from an order of a hearing officer may be taken to the Family Division judge of the Territorial Court within (20) days of the entry of

---

4. *Gillespie v. United States Steel Corp.,* 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964).

5. *Gillespie* at 151, 85 S.Ct. 308.

6. FED. R. CIV. P. 54(b).

the order. Such appeal shall only be made upon a showing of material mistake of fact or conclusion of law, with the burden of proof upon the challenger, and, unless the court finds good cause, the paternity or support order entered by the hearing officer shall continue in force while the matter is on appeal.

Notwithstanding the fact that the administrative hearing took place in 1993, that the Territorial Court remand order was entered in 1994 and this Court considered the briefs filed in this appeal on February 22,1995, the majority, quoting *Landgraf v. USI Film Products,* 511 U.S. 244, 275, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) contends that the 1998 amendment may very well be applied to this case because changes in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity.[7]

While I agree with the majority that the holding in *Landgraf, supra,* is controlling in this matter, I do not agree that the 1998 amendment to section 354(b) is subject to retroactive application. Furthermore, I do not agree that the amendment to section 354(b) is confined to merely procedural changes.

A comparison of the amended statute with the one it replaced, readily discloses jurisdictional changes, as a result of the total elimination of the "de novo" hearing; procedural changes with the introduction of a new standard for the allowance of an appeal; and substantive changes, as a result of the change in the quantum of proof required to stay the enforceability of the support order entered by the hearing officer.

Assuming *arguendo,* that the majority is correct in characterizing the changes in the amendment as being only procedural in nature, the Court in *Landgraf, supra,* at 275, footnote 29, 114 S.Ct. 1483 said:

Of course, the mere fact that a new rule is procedural does not mean that it applies to every case. A new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime, and the promulgation of a new rule of evidence would not require an appellate remand for a new trial. Our orders approving amendments to federal procedural rules reflect the common sense notion that the applicability of such provisions ordinarily depends of the posture of the particular case .... Contrary to Justice Scalia's suggestion, 511 U.S. at 290, 114 S.Ct. at 1524, we do not restrict the presumption against statutory retroactivity to cases involving "vested rights". Nor do we suggest that concerns about retroactivity have no application to procedural rules.

With respect to jurisdictional changes, which obviously occurred as a result of the elimination of the "de novo" hearing, the Court in *Landgraf* at 274, 114 S.Ct. 1522 held that [it] regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed. However, in referring to its *Bruner*[8] decision, the Court noted: "This jurisdictional rule does not affect the general principle that a statute is not to be given retroactive effect unless such construction is required by explicit language or by necessary implication." Substantive changes, like jurisdictional changes, also require specific statutory intent before a retroactive construction can be applied. Conspicuously absent from the 1998 amendment to section 354(b) is any explicit

---

7. *See infra* at page ——8 and footnote 7.

8. *Bruner v. United States,* 343 U.S. 112, 72 S.Ct. 581, 96 L.Ed. 786 (1952).

language that would substantiate legislative intent to give the statute any retroactive construction.

In view of the posture of this appeal at the time of the 1998 amendment and the absence of any explicit language or legislative intent giving the amendment any retroactive application, none should be given.

For the foregoing reasons, I respectfully dissent.

## ORDER OF THE COURT

**AND NOW,** this 8th day of December, 2000, having considered the parties' submissions and arguments, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the Territorial Court's Order of termination of automatic payroll withholding is hereby **VACATED,** and it is further

**ORDERED** that the Territorial Court's Order remanding the case to the Division of Parental and Child Services is hereby **AFFIRMED** for further proceedings consistent with the accompanying Opinion.