**GOVERNMENT OF THE VIRGIN ISLANDS, Appellant,**

v.

**MILLER PROPERTIES, INC., Appellee.**

**No. CIV.APP.2001–193.**

District Court, Virgin Islands, Appellate Division, D.St. Thomas Division.

April 15, 2002.

Richard S. Davis, Assistant Attorney General, St. Thomas, VI, for Appellant.

James M. Derr, St. Thomas, VI, for Appellee.

## MEMORANDUM

MOORE, District Judge.

Appellee Miller Properties, Inc. ["Miller Properties" or "appellee"] moves to dismiss the Government of the Virgin Islands' ["government" or "appellant"] appeal of the Territorial Court's Order of June 26, 2001. For the reasons set forth below, I will deny appellee's motion.

### I. BACKGROUND

The parties to this matter had argued before the Territorial Court of the Virgin Islands whether the government was using the correct method of assessing franchise taxes under section 531(a) of title 13 of the Virgin Islands Code.[1] On June 26, 2001, the trial court granted summary judgment in favor of Miller Properties after ruling that only the value of capital stock may be used in assessing a corporation's franchise tax. The trial court then remanded to the Division of Corporations and Trademarks to reassess Miller Properties' franchise taxes according to its June 26th decision. The government has appealed the trial court's order to this Court. Miller Properties now moves to dismiss this appeal on the ground that the Territorial Court's order was not final.

### II. DISCUSSION

#### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review "judgments and orders of the territorial court in all civil cases." See 4 V.I.C. § 33.[2] Neither the Congress nor the Legislature of the Virgin Islands has limited our jurisdiction to final judgments and orders. See Virgin Islands ex. rel. Larsen v. Ruiz, 145 F.Supp.2d 681, 683 (D.V.I.2000). We have, however, tended to interpret "section 33, like 28 U.S.C. § 1291, as referring to final judgments and orders which confines the jurisdiction of the federal courts of appeals to 'final decisions' of the district courts." Id. (citing Government v. DeJongh, 28 V.I. 153, 158–59, 1993 WL 661726 (D.V.I.1993) ("the limitation on our appellate jurisdiction to appeals from final orders was established by judicial interpretation")).

#### B. Trial Court's June 26th Order Was Final

In its motion to dismiss, Miller Properties notes that the trial court itself envisioned possible future proceedings in this case. See Miller Properties, Inc. v. Government of Virgin Islands, Civ. No.

---

1. Section 531(a) provides in part:

   Every corporation incorporated under the laws of the Virgin Islands ... shall pay to the Commissioner of Finance for the use of the Government of the Virgin Islands, a franchise tax of $1.50 for each thousand dollars of capital stock used in conducting business in the Virgin Islands. The minimum tax for any corporation ... however, even though no capital or capital stock is so used, shall be $150.00.

13 V.I.C. § 531(a).

2. See V.I. CODE ANN. tit. 4, § 33 (1997); Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is found at 48 U.S.C. §§ 1541–1645 (1995 & Supp.2000), reprinted in V.I. CODE ANN. 73–177, Historical Documents, Organic Acts, and U.S. Constitution (1995 & Supp. 2000) (preceding V.I. CODE ANN. tit. 1) ["REV ORG. ACT"].

287/1998, 2001 WL 1464770, **5–6 (Terr. Ct. June 26, 2001) ("However, before this Court considers the matter of a refund in this case, Plaintiff should first seek a proper 'assessment' from the Division in light of this opinion. If that amount is then contested, Plaintiff may seek review of the Division's assessment in this court."); *but see id.* at *6 (noting that the parties appear to agree that Miller Properties is entitled to some sort of refund).

The United States Supreme Court has stated that a final judgment "ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); *see also Ortiz v. Dodge,* 37 V.I. 567, 571–72, 126 F.3d 545, 547 (3d Cir.1997) (quoting *Catlin,* 324 U.S. at 233, 65 S.Ct. 631). The Third Circuit Court of Appeals has added that a final judgment is "one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree." *Isidor Paiewonsky Assocs., Inc. v. Sharp Props., Inc.,* 998 F.2d 145, 150 (3d Cir. 1993). Thus, despite Miller Properties' arguments to the contrary, the mere fact that future proceedings may have been contemplated is not dispositive. This Court must instead determine whether (1) the trial court's order disposed of all the issues in this matter and (2) whether its remand order to the Division of Corporations and Trademarks was merely ministerial.

■ The only real issue before the trial court was whether the government used the correct method of assessing the amount of franchise taxes due. *See Miller Properties,* Civ. No. 287/1998, 2001 WL 1464770, *1. In deciding that the government should have assessed these taxes us-

ing a corporation's stated capital rather than its stated and surplus capital, the trial court disposed of all the legal issues, leaving to the Division of Corporations and Trademarks the ministerial task of recalculating the actual taxes owed. The trial court's action in remanding to the Division of Corporations and Trademarks to determine the amount of damages, however, raises two concerns about the finality of its order.

■ First, as this Court has noted, a remand order to an administrative agency is not generally considered a final order and thus not immediately appealable. *See Virgin Islands ex. rel. Larsen v. Ruiz,* 145 F.Supp.2d 681, 684 n. 4 (D.V.I.2000). On the other hand, we also stated that this type of remand order may be treated as final if the situation warrants it. *See id.* at 684 ("For sound reasons in the extraordinary case, we may consider an order as final and reviewable even if it might not constitute a final decision under 28 U.S.C. § 1291."). Looking at the totality of the circumstances, the trial court's order is a final one.

Similar to *Ruiz,* there is no risk of duplicate appeals as the factual and legal issues are separate. *See id.* at 685 (noting that the factual questions remanded to the Division of Paternity and Child Support differed from the legal issues surrounding the welfare of a child). All the Division of Corporations and Trademarks must do is calculate the new franchise tax assessment, and its recalculation of the tax will have no bearing on whether the trial court correctly interpreted the law. The trial court's order required no additional hearings, testimony or other actions on the part of the administrative agency. Moreover, considering the trial court's order to be final will promote judicial efficiency. By addressing this issue now, this Court can settle the issue once and for all. By

waiting, there is the risk that the government would complete the recalculations and issue refunds only to have to recalculate the assessments and seek delinquency payments should this Court decide to overturn the trial court's decision. Such a delay would only serve in wasting the Virgin Islands Government's finite time and resources.

The second and more important concern of this Court is the fact that the amount of appellee's franchise tax liability or refund has yet to be determined, which raises the possibility that the remand is not a final order. There is both Supreme Court and Court of Appeals' precedent for such concern. *See Republic Natural Gas Co. v. Oklahoma,* 334 U.S. 62, 68, 68 S.Ct. 972, 92 L.Ed. 1212 (1948) ("The requirement of finality has not been met merely because the major issues in the case have been decided and only a few loose ends remain to be tied up—for example, where liability has been determined and all that needs to be adjudicated is the amount of damages."); *General Motors Corp. v. New A.C. Chevrolet, Inc.,* 263 F.3d 296, 311 n. 3 (3d Cir.2001) ("In general terms, a decision that fixes the parties' liability but leaves damages unspecified is not final, and the adjudication of liability is not immediately appealable."); *EEOC v. Delaware Dep't of Health & Social Services,* 865 F.2d 1408, 1413 (3d Cir.1989) ("An order which establishes liability without finding the amount of recovery is generally not final."); *Sun Shipbuilding & Dry Dock Co. v. Benefits Review Bd.,* 535 F.2d 758, 760 (3d Cir. 1976) ("It is a well-established rule of appellate jurisdiction ... that where liability has been decided but the extent of damage remains undetermined, there is no final order."). More recently, the Court of Appeals has stated that "an order is final even if it does not reduce the damage to a sum certain" so long as the calculations are ministerial or mechanical. *See Apex Fountain Sales v. Kleinfeld,* 27 F.3d 931,

936 (3d Cir.1994). The Court of Appeals, however, appears to take a very restrictive view of just what is ministerial or mechanical. *See General Motors,* 263 F.3d at 311 n. 3 (noting that an order setting an award of 10% of net profits during a specified period of time is not ministerial); *Marshak v. Treadwell,* 240 F.3d 184, 191 (3d Cir. 2001) (holding that the calculation of a trademark infringement award was not ministerial due to the "long history of contentious litigation, and ... [the] substantial likelihood that 'one or both of parties will dispute the ultimate amount of damages awarded' ").

The present situation is readily distinguishable from the preceding cases, and does not preclude a finding that the calculation of the franchise tax here is merely ministerial. First, unlike the calculation in *General Motors,* the recalculation here does not require additional evidence, testimony or other actions. *See General Motors,* 263 F.3d at 311 (noting that "the District Court directed the parties to submit additional briefs regarding the proper measure of damages, the amount of time [defendant] was to be granted for removal of the [General Motors] signage, and whether [defendant] was entitled to compensation for the signage under [state law]." ) Second, the contentiousness of the parties has no real bearing on whether an appeal will result from "the ultimate amount of damages awarded." The amount of the award itself is merely a peripheral issue as the government is appealing the trial court's interpretation of 13 V.I.C. § 531(a) to limit the calculation of the franchise tax to stated capital rather than include surplus capital. The amount of the award is not material to the government's appeal. Finally, judicial efficiency will be furthered if the appeal goes forward. *See Parks,* 753 F.2d at 1402 ("[T]he processing of the individual class members' claims will not be costless, so that if this

appeal is allowed and the state persuades us that no damages should be awarded, an expensive computation involving thousands of bills will be avoided."). Addressing the appeal now will not create the problem of piecemeal litigation feared by courts of appeals. *See Apex,* 27 F.3d at 935. Accordingly, this Court will deny appellee's motion to dismiss the government's appeal.

## III. CONCLUSION

This Court finds that the Territorial Court's order of June 26, 2001, disposed of all issues to this litigation and its subsequent remand to the Division of Corporations and Trademarks to reassess the appellee's franchise tax was purely ministerial. Therefore, the June 26th order, for purposes of this appeal, is a final order. Accordingly, this Court will deny appellee's motion to dismiss.

## ORDER

For the reasons set forth in the accompanying Memorandum of even date, it is hereby

**ORDERED** that the appellee's motion to dismiss appellant's appeal (Docket No. 3) is **DENIED;** and it is further

**ORDERED** that the Clerk of the Court shall set a briefing schedule for this matter.