**PUEBLO INTERNATIONAL, INC., Appellant**
**v.**
**GOVERNMENT OF THE VIRGIN ISLANDS and**
**ANGEL RICHARDS, Appellees**
PUEBLO INTERNATIONAL v. GOVERNMENT OF V.I.
D.C. Civ. App. No. 2003-0045

District Court of the Virgin Islands

Division of St. Thomas and St. John

July 27, 2004

*For Appellant*: EVERARD E. POTTER, ESQ., St. Thomas, U.S.V.I.

*For Angel Richards, Appellee*: PEDRO K. WILLIAMS, ESQ., St. Thomas, U.S.V.I.

FINCH, *Chief Judge, District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and ROSS, *Judge of the Territorial Court, Sitting by Designation*

## MEMORANDUM

(July 27, 2004)

### STATEMENT OF THE CASE

On or about October 23, 1981, appellant Pueblo employed appellee Angel Richards as a grocery clerk. At the time of his employment, Richards executed an employment contract with Pueblo. Pueblo terminated Richards on September 13, 1989. On or about October 10, 1989, appellee Angel Richards filed an administrative claim for wrongful discharge with the Virgin Islands Department of Labor ["DoL"] against his former employer, appellant Pueblo International. In response, Pueblo filed a motion to dismiss, asserting that the DoL lacked subject matter jurisdiction over Richards's cause of action because Pueblo had employed Richards subject to an employment contract which modified the terms of his employment. By Order dated May 16, 1994, the DoL granted Pueblo's motion and dismissed Richards's claim. On or about June 23, 1994, Richards filed a petition for writ of review of the DoL's order with the Territorial Court.

On February 21, 1996, while the appeal was pending, the Virgin Islands Legislature amended the Virgin Islands Wrongful Discharge Act ["WDA"]. The amendment changed the language setting out when the act applies from "unless modified by contract" to "unless modified by *union* contract" 24 V.I.C. Section 76(a) (emphasis added).

On March 28, 2001, the Territorial Court entered an order finding that the 1996 amendment had retroactive effect to the pending appeal. The court found that Richards had a viable cause of action because his employment contract was not a union contract. The court vacated the DoL's order and retained jurisdiction to resolve the substantive wrongful discharge dispute. Pueblo then filed a motion for reconsideration, suggesting that the court had to remand the case to the DoL for disposition of the substantive dispute. By order dated January 31, 2003, the Territorial Court agreed and remanded the matter to the DoL for adjudication. On February 6, 2003, Pueblo filed this appeal.

## DISCUSSION

Since an order remanding a case to an administrative agency generally is not a final order subject to appeal, we must first resolve whether the Appellate Division has jurisdiction over this matter. The parties have not raised the issue.

### A. Appellate Jurisdiction

The Virgin Islands Code vests this Court with the power to review "judgments and orders of the Territorial Court in all civil cases." *See* 4 V.I.C. § 33. Neither the Congress[1] nor the Legislature of the Virgin Islands has limited our jurisdiction to final judgments and orders. We nevertheless have tended to construe section 33, as referring to final judgments and orders like 28 U.S.C. § 1291, which limits the jurisdiction of the federal courts of appeals to "final decisions" of the district courts.

■ The issue here is similar to the one we faced in *Government of the Virgin Islands ex rel. Olga Larsen v. Paul Ruiz*, 145 F. Supp. 2d 681 (D.V.I. App. Div. 2000). In that case, we found jurisdiction over an appeal

---

[1] Section 23A of the Revised Organic Act of 1954 established the Appellate Division of this Court and authorized its jurisdiction to that "now or hereafter prescribed by local law." *See also* 48 U.S.C. § 1613a. The complete Revised Organic Act of 1954 is located at 48 U.S.C. §§ 1541-1645.

from the Territorial Court's order remanding a custody dispute to the Virgin Islands Division of Paternity and Child Support. In that case, we interpreted our jurisdiction to include review of some orders that might not constitute a final decision under 28 U.S.C. § 1291. Under the approach we announced in *Larsen*, when deciding whether to exercise review over such an order, we consider "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." 145 F. Supp. 2d. at 684 (citations omitted).

■ We conclude that our final judgment rule does not bar hearing this appeal. The parties to this case, which include . an employer, an employee, and the government, all have an interest in a final determination on the purely legal question of how the amended statute affects cases like the one at bar. As in *Larsen*, this interest "prevails over the interests of judicial economy." *Id.* at 685. If we decide that the amendment retroactively applies and the WDA covers the Richards contract, the DoL will decide the WDA claim in accordance with our instructions. If we decide that the Territorial Court erred and that the amendment does not apply, then we vacate the Territorial Court's order and the case will be dismissed. There is therefore no risk of duplicative appeals and we will consider the Territorial Court's order is final for purposes of our exercise of appellate jurisdiction.

## B. The WDA Amendment

The issue presented for review is whether the Territorial Court erred in finding that the 1996 amendment to the WDA was a clarifying amendment having retroactive effect and not a substantive amendment to be applied prospectively. We exercise plenary review over the Territorial Court's interpretation of Virgin Islands law. *See Manning v. Virgin Islands*, 2004 U.S. Dist. LEXIS 5626 (D.V.I. App. Div. 2004).

The appellant argues that the amendment was a substantive change in the law, affecting terminated employees in the private sector. It maintains that the amendment expanded the jurisdiction of the DoL to adjudicate wrongful discharge claims, and increased employer liability under the WDA. Before the amendment, the WDA applied only to terminations where employees were not parties to employment contracts. After the amendment, the WDA's reach expanded to include all contract employees except those with a union, or collective bargaining, contract. Indeed, the Territorial Court order recognizes "a long series of decisions

from the Department of Labor and the Territorial Court, holding that, where a valid employment contract exists, a case is removed from the governance of the Wrongful Discharge Act." Order of March 26, 2001, at 2.

The Territorial Court found that the 1996 amendment "was an attempt by the Legislature to clarify its original intention; namely, that all employees are protected by the WDA, unless they are represented by a union." Order at 3. The court supported its finding that the amendment was a clarification with the 1996 statements of Senator David Jones to that effect.[2] The court reasoned that especially because the amendment was a clarification, rather than a change to the existing law, it should apply the statute as it existed at the time the court resolved the petition for writ of review. The court cited *Danbury v. Olive*, 820 F.2d 618 (3d Cir. 1987), for the proposition that an appellate court must apply the law in effect at the time it resolves the appeal, and that a reviewing court must apply a statute passed after the decision in the trial court if that law is a valid enactment. *See id.* at 625.

While this is correct, it does not resolve the issue of retroactivity in statutory interpretation. Senator Jones's statements and appellee's arguments notwithstanding, this Court agrees with appellants that the change in the law was substantive and not a mere clarification of existing law. That Senator Jones describes the amendment as a clarification does not make it so. This Court must analyze the amendment itself and the effects it will engender to decide whether it is substantive. We first note that the original statute did not beg for clarification; it was neither unclear nor ambiguous. It plainly excluded all contract employees from the purview of the WDA and DoL. We are not persuaded by the Senator's statement that the statute was unclear. While the legislature is free to amend a statute and to change the application of the WDA, the judiciary must make an independent inquiry into the nature of the amendment to decide whether it will have retroactive effect.

---

[2] Senator Jones stated that "our workers have been exploited because of unclear language in the present statute" and that "this amendment simply attempts to clarify the code and say exactly what we mean, that any modification that must come, it must be in a union contract [sic]." Order at 4-5, Regular Session Transcript, Part II, February 1, 1996 at 24.

■ In *USA v. Diaz*, the Court of Appeals for the Third Circuit explained: "Generally, if the [amendment] overrules a prior judicial construction of the [statute], it is substantive, if it confirms our prior reading of the [statute] and does not disturb prior precedent, it is clarifying." 245 F.3d 294, 303 (3d Cir. 2001). The appellant in its brief provides a litany of examples of Virgin Islands cases limiting the DoL's jurisdiction to terminations where employees were not subject to any contract. The 1996 amendment is firmly at odds the construction of the WDA elucidated in these cases; it is not a mere clarification.

■■ The appellant also notes that the Senator's comments do not appear in the language of the statute, but in the legislative history. When it is clear from the plain language of the statute that it has a substantive effect, we need not consider the legislative history. In this case, it is plain that the amendment's effect of making all employment contracts but union contracts subject to the WDA amounted to new law. But for the amendment, Richards would have no cause of action under the WDA. The 1996 amendment removed the rights of employers and non-unionized employees to waive the WDA via an employment contract, a clear substantive change in Virgin Islands employment law.

## CONCLUSION

Because the 1996 amendment was a substantive change to the WDA, the Territorial Court erred in interpreting it as a mere clarification to be applied retroactively. We remand this case to the Territorial Court with instructions that the Territorial Court shall vacate its order. The Department of Labor's 1994 decision dismissing Richards's claim shall be reinstated and this case dismissed with prejudice.