**CAROL BRANKER, Appellant**

**v.**

**HOTEL ON THE CAY TIMESHARE ASSOCIATION, INC., Appellee**
**BRANKER v. HOTEL ON THE CAY TIMESHARE ASS'N, INC.**

D.C. Civ. App. No. 2004/004

District Court of the Virgin Islands

Division of St. Croix

October 19, 2004

359

*For Appellant*: DARWIN CARR, ESQ.

*For Appellee*: KARIN A. BENTZ, ESQ.

FINCH, *Chief Judge, District Court of the Virgin Islands*; MOORE, *Judge of the District Court of the Virgin Islands*; and SWAN, *Judge of the Territorial Court, Sitting by Designation*

## MEMORANDUM OPINION

(October 19, 2004)

Hotel on the Cay Timeshare Association, Inc. ["the timeshare association"] moves to dismiss this appeal for lack of jurisdiction. For the reasons which follow, we determine we have no jurisdiction to consider this matter and will grant the motion to dismiss.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The timeshare association filed a forcible entry and detainer ["FED"] action in the Territorial Court, seeking to recover possession of premises on its ferry dock from Carol Branker ["Branker"]. Branker subsequently filed a motion in that action seeking to have the FED action transferred to the civil division of that court. As reasons therefor, Branker asserted the timeshare association was not the rightful owner of the challenged premises and, therefore, had no standing to bring the FED action under 28 V.I.C. § 781 *et seq.* Branker also sought to raise several counterclaims against the timeshare association but is precluded from doing so in an FED action under Territorial Court Rule 37.

By order entered December 29, 2003, the trial court denied the motion to transfer, and Branker filed the instant appeal. The timeshare association now moves for dismissal of this appeal on jurisdictional grounds, arguing the trial court's order denying the motion to transfer was not a final appealable order. Branker opposes the motion to dismiss.[1]

---

[1] On June 9, 2004, Hotel on the Cay also filed what it termed a "Certification of No Opposition to Motion to Dismiss Appeal," in which it asserted it had received no opposition to the instant motion to dismiss. However, in response to this Court's order, Branker filed an opposition to the motion to dismiss with the Court on May 21, 2004. That opposition contains a certificate of service attesting that appellee was served.

## II. DISCUSSION

The timeshare association argues that, because the challenged order was made as part of the FED action which remains pending, it is not a final appealable order as contemplated under V.I.R. APP. P. 5. In her opposition to the motion to dismiss, Branker does not argue the order is appealable; rather, she argues that delaying review would deprive her of the opportunity to pursue counterclaims, which are not permitted in FED actions.

█ A party may bring an appeal as of right to obtain review of a final order or judgment of the Territorial Court. *See* V.I. CODE ANN. tit. 4, § 33 (1997); V.I.R. APP. P. 5(a)(2), 6(a); see also *Government of the Virgin Islands v. deJongh*, 28 V.I. 153, 158-59 (App. Div. 1993) (construing section 33 to apply to "final" orders). A final order is one which "ends the litigation on the merits and leaves nothing for the Court to do but execute the judgment." *Gov't of the V.I. v. Miller Properties, Inc.*, 222 F. Supp. 2d 713, 715 (D.V.I. App. Div. 2002); see also *Paiewonsky Assocs., Inc. v. Sharp Props., Inc.*, 998 F.2d 145, 150, 28 V.I. 448 (3d Cir. 1993) (noting a final judgment; is one which "disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness for giving effect to the judgment and leaves nothing to be done in the cause save to superintend, ministerially, the execution of the decree"). Under limited circumstances, a party may also obtain review, as of right, of certain interlocutory orders as specified in our rules:

> (i) An interlocutory order granting, continuing, modifying, refusing, or dissolving an injunction, or refusing to dissolve, or modify an injunction;
>
> (ii) An interlocutory order appointing a receiver or an order refusing to wind up a receivership or refusing to take steps to accomplish the purposes thereof, such as directing sales or other disposal of property.

V.I.R.A.P. 5(a)(2). An order or judgment which is not final and which is not among the classes of interlocutory orders outlined above may be reviewed only by permission, in accordance with our rules of procedure:

> An appeal from an order in a civil action, not otherwise appealable, containing a statement by a Territorial Court judge that such order

361

involves a controlling question of law about which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation; may be sought by filing a petition for permission to appeal with the Clerk of the Court of the Appellate Division within ten days after the entry of such order in the Territorial Court. ... An order as defined in this paragraph may be amended at any time to include the prescribed statement, and permission to appeal may be sought within the ten days after entry of the order as amended.

V.I.R.A.P. 6(a).[2] The rules further mandate that a party seeking a permissive interlocutory appeal move for expedited review. V.I.R.A.P. Rule 6(b). We have no jurisdiction over Branker's appeal because: 1) it is not a final order nor an interlocutory order which may be appealed under V.I.R.A.P. 5, and 2) Branker has failed to adhere to the procedures for filing an interlocutory appeal which is not otherwise appealable.

■ Branker does not address the jurisdictional requirements of V.I.R.A.P. 5 and 6, nor does she attempt to argue that the order appealed from is a final order. However, that the order is interlocutory in nature is beyond reasonable dispute: there has been no decision on the merits of the FED action below and, indeed, the underlying FED action remains pending. Moreover, this case is not among the classes of interlocutory orders which may be appealed as of right under Rule 5. Accordingly, the appellant was bound by the procedures outlined in V.I.R.A.P. 6 to confer jurisdiction on this Court to consider the trial court's denial of the motion to transfer. Having failed to comply with those procedures, the appellant cannot obtain review under V.I.R.A.P. 5 or 6. Accordingly, the action must be dismissed for lack of jurisdiction. An appropriate order follows.

---

[2] Compare *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 93 L. Ed. 1528, 69 S. Ct. 1221 (1949); *In re Ford Motor Co.*, 110 F.3d 954, 958 (3d Cir.1997) (discussing requirements for review of interlocutory orders under collateral order doctrine).