AMERICAN FURNITURE,
INC., Appellant,

v.

Christine D. DAZLE–PETERSEN,
Appellee.

No. D.C.CIV.1997–170.

District Court, Virgin Islands,
Appellate Division,
D. St. Thomas and St. John.

Nov. 3, 1999.

Rhys S. Hodge, St. Thomas, VI, for Appellant.

Before: THOMAS K. MOORE, Chief Judge, District Court of the Virgin Islands; RAYMOND L. FINCH, Judge of the District Court of the Virgin Islands; and EDGAR D. ROSS, Territorial Court Judge, Division of St. Croix, Sitting by Designation.

## OPINION OF THE COURT

PER CURIAM.

American Furniture, Inc. ["American Furniture"] appeals from the Territorial Court's dismissal of its small claims debt action against Christine Dazle–Petersen ["Petersen"]. Detecting no error in the lower court's findings of fact or application of law, we affirm.

At a July 1997 hearing on this matter, the trial court made the following findings of fact after hearing testimony from both parties, who appeared *pro se.* On December 17, 1994, Petersen purchased bedroom furniture from American Furniture with a signed personal check in the amount of $1,299.00. At the direction of American Furniture manager Salem Salem ["Salem"], Petersen did not fill out the payee line on her check. Salem told Petersen to leave the payee line blank because he believed that the bank would honor her check since she was a police officer. According to Salem, an American Furniture employee wrote Zuhol Salem's name on the payee line of the check.

Petersen received the bedroom set from American Furniture later in the day. After unpacking the furniture, she discovered that there were defects in the bedroom set and some hardware parts were missing. On December 21, Petersen put a stop payment order on her check to American Furniture. When Zuhol Salem or some American Furniture employee deposited Petersen's check, her bank refused to honor it. The bank marked the check "insufficient," and returned it to someone at American Furniture.

For a span of three months, Petersen and Salem discussed by telephone whether she would pay for the bedroom set and whether American Furniture would repair it. Eventually, Salem reported Petersen's nonpayment to the Internal Affairs Bureau of the Virgin Islands Police Department and her superiors. Petersen and her husband, a fellow police officer, reportedly relented at this point and obtained cash to pay American Furniture. Police officer Randolph Desusa allegedly saw Petersen's husband giving her money to pay the appellant. Petersen later testified that she paid Salem $1,299.00 in cash for the bedroom set, and received a receipt, which she subsequently lost. Salem purportedly told her that he would locate and return her dishonored check.

At the July 1997 hearing, the trial court accepted the testimony of Petersen, her husband, and Randolph Desusa over Salem's testimony that he never received a cash payment from Petersen, gave her a receipt, or promised to return her dishonored check. The trial judge stated that she did not believe that these three witnesses, "being police officers ... would come into court to say that money was ... given to [Petersen], and that certain papers also were given to [her] representing receipts[, and that this testimony] is a fabrication." (*See* App. at 38.) The trial

judge dismissed American Furniture's complaint without further discussion, and the company filed a timely appeal.

■ The appellant argues that the Territorial Court clearly erred in finding that appellee paid appellant American Furniture $1,299.00 in cash, or wrongly concluded that this payment discharged Petersen's debt to American Furniture. The Appellate Division analyzes these two contentions under different standards of review. *See Government of the Virgin Islands v. Christopher*, 990 F.Supp. 391, 393 (D.V.I.1997). Giving due regard to the trial judge's opportunity to determine witness credibility, we must accept the Territorial Court's findings of fact unless they are clearly erroneous. *See* V.I. CODE ANN. tit. 4, § 33. The legal conclusions that the Territorial Court draws from those findings, however, are subject to plenary review. *See Prosser v. Prosser*, 34 V.I. 139, 144, 921 F.Supp. 1428, 1432, (D.V.I.1996).

■ American Furniture claims that the Territorial Court could not accept the testimony offered by Petersen over that of Salem or dismiss the case because Petersen presented no documentary evidence of any cash payment to Salem. We cannot say that the trial judge's credibility determination was clearly in error. The trial court considered the parties' competing allegations, adopted Petersen's explanation of events, and explained why it found her witnesses more persuasive. Its findings of fact were amply supported by the testimony that Petersen introduced at trial. Since the trial court's findings were not "completely devoid of minimum evidentiary support displaying some hue of credibility," and bore a "rational relationship to the supportive evidentiary data," there was no clear error. *See Stridiron v. I.C., Inc.*, 20 V.I. 459, 462–63, 578 F.Supp. 997, 999 (D.V.I.1984).

■ Having found that Petersen paid her debt in cash, the Territorial Court properly dismissed American Furniture's complaint. Virgin Islands law provides that "[t]he liability of any party [on a draft] is discharged to the extent of his payment . . . to the holder [of the draft]." *See* 11A V.I.C. § 3–603. Contrary to the appellant's assertion, the payee need not cancel and surrender the drawer's check to discharge the debt; payment provides the drawer with a defense to the check's enforcement and extinguishes the underlying debt.[1] Although the trial court could have explained these legal precepts to the parties, we are satisfied that, in the context of a small claims case in which both parties appeared *pro se*, her concise finding that there was no debt warranted dismissal of the appellant's claim. A more complex explanation was not necessary to achieve "substantial justice." *See* TERR. CT. R. 64. The Territorial Court's order of dismissal will be affirmed.

### ORDER OF THE COURT

**AND NOW**, this 3rd day of November, 1999, having considered the parties' submissions, and for the reasons set forth in the Court's accompanying Opinion of even date, it is hereby

**ORDERED** that the trial court's dismissal order is **AFFIRMED.**

---

1. *See id.* The appellant's argument appears to be based on section 3–605 of Title 11A, Virgin Islands Code, which provides that the holder of a draft may discharge a debtor "by renouncing his rights by a writing signed and delivered or by surrender of the instrument to the party to be discharged." *See* 11A V.I.C. § 3–605(1)(b). This requirement applies only to transactions that do not involve payment. *See id.* § 3–605(1).