**LLOYD L. GEORGE, Plaintiff/Appellant**
**v.**
**CHASE MANHATTAN BANK, Defendant/Appellee**

D.C. Civ. App. No. 2003-158

District Court of the Virgin Islands

Division of St. Thomas and St. John

March 2, 2007

LLOYD GEORGE, St. Thomas, U.S.V.I., *Pro se.*

RICHARD H. DOLLISON, ESQ., St. Thomas, U.S.V.I., *For Appellee.*

GOMEZ, *Chief Judge of the District Court of the Virgin Islands*; FINCH, *Judge, District Court of the Virgin Islands*; and DONOHUE, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation.*

**MEMORANDUM OPINION**

(March 2, 2007)

Lloyd L. George ["George"] appeals the judgment of the Small Claims Division of the Superior Court of the Virgin Islands, which

dismissed George's claim for debt against Chase Manhattan Bank ["Chase"] for three hundred and twelve dollars [312].

## I. FACTS

In October, 2000, George obtained a credit card with a three-hundred dollar limit from Chase. George placed three-hundred dollars into a savings account with Chase as collateral to secure the credit card.

After February 13, 2002, George stopped paying his monthly credit card bills. At that time, he had a balance on the credit card of over three-hundred dollars. Ninety days later, Chase cancelled George's card, and used the collateral he had placed into the savings account to cover a portion of the outstanding balance.

Thereafter, George consulted with Chase representatives in an effort to learn why his card was cancelled. Chase offered to reinstate George's card, but George rejected this offer.

In August, 2002, George, acting *pro se,* brought suit against Chase in Small Claims. He alleged that Chase wrongfully took three hundred twelve dollars and sixteen cents [312.16] from his bank account. George sought to recover this amount, as well as his court costs.

At a September 17, 2 003, hearing, Chase presented George's payment history to the Superior Court. This history indicated that after Chase applied the collateral to George's account, George nonetheless still owed Chase approximately sixty dollars. George presented receipts indicating various payments to Chase. However, George did not how these receipts established that he did not have an outstanding balance with Chase. The trial judge in the Small Claims Court found that George had failed to prove Chase's debt to him by a preponderance of the evidence. It therefore dismissed George's claim without prejudice. George appealed that order. He argues that Small Claims erroneously determined that he failed to provide sufficient evidence to sustain his claim of debt against Chase.

## II. DISCUSSION

This Court has jurisdiction to review only final judgments and orders. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004) which repealed 4 V.I.C. §§ 33-40, and reinstating

855

appellate jurisdiction in this Court);[1] Revised Organic Act of 1954 § 23A; 48 U.S.C. § 1613a.

## III. ANALYSIS

### A. Jurisdiction

■ Orders dismissing a complaint without prejudice are generally not final appealable orders. *Ahmed v. Dragovich*, 297 F.3d 201, 207 (3d Cir. 2002). However, a decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton County*, 527 U.S. 198, 204, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999) (internal quotations omitted) (quoting *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22, 108 S. Ct. 1945, 100 L. Ed. 2d 517 (1988)).

The trial court held that George had not proved, by a preponderance of the evidence, that Chase was indebted to him. This holding determined the merits of George's claim. George could not re-file his complaint to conform with the Court's ruling, or take any other actions to continue this litigation below. Additionally, the trial court executed its decision by issuing a written judgment dismissing George's complaint. Accordingly, the trial court's opinion dated September 17, 2003, was a final, appealable order.

### B. Claim of Error

George argues that the trial court erred in finding, by a preponderance of the evidence, that Chase owed no debt to George. Findings of fact are reviewed for clear error. *Poleon v. Gov't of the V.I.*, 184 F. Supp. 2d 428, 430 (D.V.I. App. Div. 2002).[2]

At trial, George produced receipts evidencing certain payments he had made to Chase. George's receipts did not indicate whether they represented full or partial payments of George's monthly credit card balance. Despite questions from the trial court, George was unable to clarify whether the receipts represented full or partial payments of his credit card balance.

---

[1] Our jurisdiction in this regard was previously provided under 4 V.I.C. § 33.

[2] "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948); *see also* FED. R. CIV. P. 52(a).

Moreover, George was unable to explain how the receipts indicated that Chase owed him any money.[3]

In response, Chase produced George's monthly credit card statements. These documents indicate that George's payments to Chase often did not satisfy the full amount of credit card debt. he had incurred, and that the outstanding balance sometimes exceeded the $300 in collateral that George had given Chase to cover his credit card in the event he could not pay his obligations. For example, George's final credit card statement from March, 2002, indicates that George incurred $339.89 in charges during February. The statements also showed that George's outstanding balance carried over from one month into the next, and that George had an outstanding balance in March, 2002, when his credit card was terminated.

■ This evidence was sufficient to allow the trial court to conclude that Chase was not indebted to George. Accordingly, the trial court did not commit clear error in making such finding. *See Am. Furniture, Inc. v. Dazle-Petersen*, 290 F. Supp. 2d 607, 609 (D.V.I. App. Div. 1999) (upholding a finding by the Small Claims Division that no debt existed where the evidence presented by the parties supported such a finding).

## III. CONCLUSION

Accordingly, this Court will affirm the trial court's finding that Chase owed no debt to George.

---

[3] For example, during the March 12, 2003, hearing the trial court asked George, "Based on your receipts, how much money have you come up with or have you concluded that Chase owes you?" George replied: "I didn't calculate that." [Appellee's App. 62.] In another example, George presented the trial court with two receipts totaling $230 for the month of June. However, George accumulated $331 in charges during June. He nonetheless claimed that his receipts showed that his payments were up to date in June.